A. H. HALE, Respondent, v. CITY OF MINOT, a Municipal Corporation, W. S. Shaw, Pres., and F. L. Householder, E. C. Mahn, G. D. Shaft and D. W. Bowker, as Members of the Board of City Commissioners of the City of Minot, N. D.; A. D. Hagenstein, City Auditor of the City of Minot, N. D., R. W. Kennard, as County Auditor of Ward County, N. D., and Fred Weatherwax, as County Treasurer of Ward County, N. D., Appellants.

(201 N. W. 848.)

**Municipal corporations — power of "special assessment commission," stated.**

1. A special assessment commission is a tribunal created by legislative authority for the purpose of determining the benefits accruing to the several tracts of land in an improvement district by reason of the construction of an improvement, and assessing the costs and expenses thereof.

Note.—(2) No judicial review of sewer assessment except for fraud; see 9 R. C. L. 655; 2 R. C. L. Supp. 851.

**Municipal corporations — when finding of special assessment commission as to benefits is final, stated.**

2. Where no appeal is taken therefrom and the finding is confirmed by the city commission, the finding of a special assessment commission as to the property benefited and the amount of such benefits is final and will not be disturbed by a court of equity in the absence of fraud or other grounds for equitable relief.

**Municipal corporations — error of judgment of special assessment commission as to benefits not grounds for equitable relief.**

3. That the property was not benefited at all or that there was an error of judgment on the part of the commission as to the amount of the benefits are not grounds for equitable relief.

**Municipal corporations — equitable relief authorized without appeal when special assessment commission wholly fails to follow statutory requirements.**

4. Where the statute prescribes the method of procedure to be followed by the commission in determining benefits and making assessments and the commission wholly fails to follow such statutory requirements, equitable relief may be invoked even though the remedy by appeal has not been exhausted.

**Municipal corporations — property owner held not to have established failure of special assessment commission to comply with statute.**

5. Record examined and held, for reasons stated in the opinion, that the plaintiff has not established such failure to comply with the statutory requirements in determining benefits and making assessments as will warrant equitable interference.

Opinion filed December 20, 1924.

Municipal Corporations, 28 Cyc. p. 1142 n. 20; p. 1144 n. 46; p. 1149 n. 99; p. 1178 n. 50; p. 1185 n. 21, 23; p. 1186 n. 25 New, 29; p. 1187 n. 30; p. 1188 n. 49; p. 1190 n. 58.

From a judgment of the District Court of Ward County, *Lowe, J.,* in an action in equity to set aside and annul certain special assessments for a storm sewer, the defendant appeals.

Reversed.

*R. H. Bosard,* City Attorney, and *Fish, Murphy & Nash,* for appellants.

The law relative to the construction of drains, while not identical in its provisions, is analogous in principle, and in considering this question in the case of drains, this court in the case of Alstad v. Sim, 15

N. D. 638, 109 N. W. 66, said: "It is claimed that assessments were made against land not benefited by the drain. The action of the commissioners is not subject to review on the question of what lands are benefited. On that question the action of the board is conclusive, except when acting fraudulently." Ellison v. La Moure, 30 N. D. 43; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; Paulsen v. Portland, 149 U. S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750; Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 112, 41 L. ed. 369, 17 Sup. Ct. Rep. 56; Spencer v. Merchant, 125 U. S. 345, 31 L. ed. 763, 8 Sup. Ct. Rep. 921; French v. Barber Asphalt Paving Co. 181 U. S. 324, 45 L. ed. 879, 21 Sup. Ct. Rep. 625.

The amount of benefits resulting from the improvement is a question of fact, and a hearing upon it being assumed, the decision of the board is final. Hibben v. Smith, 191 U. S. 310, 48 L. ed. 195, 24 Sup. Ct. Rep. 88.

And where the special assessment commission and the city council have in all things proceeded in accordance with the statutory requirements, their action and decision as to what property is benefited, and the amount of benefits resulting to the different tracts from the construction of the improvements, are final, and cannot be assailed in a court, except for fraud or other grounds justifying equitable interference. State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Rogers v. St. Paul, 22 Minn. 494; Carpenter v. St. Paul, 23 Minn. 232; State ex rel. Cunningham v. Board of Public Works, 27 Minn. 442, 8 N. W. 161; State ex rel. Cunningham v. District Ct. 29 Minn. 65, 11 N. W. 133.

The plaintiff in the case at bar, as the complaint discloses, does not allege fraud in any respect on the part of the local officers. Such special assessment commission acted *judicially in assessing benefits under a delegation of power from the legislature,* and the statute not having provided for an appeal to the *courts* but merely for an appeal to the city council or city commissioners, their action is final unless attacked for fraud. State v. Fisk, and Erickson v. Cass County, supra; Stone v. Little Yellow Drainage Dist. 118 Wis. 388, 95 N. W. 405; Dodge County v. Acom (Neb.) 100 N. W. 136.

There being *no fraud* in the proceedings and the work having been

completed prior to the commencement of this action and no protests
having been made either to the assessment commission or the city com-
missioners, a court of equity ought not to extend its extraordinary
remedy of injunction to prevent the collection of assessments for ben-
efits imposed to pay the costs of such improvement when the plaintiff
has impliedly, at least, consented to the improvement and to the ben-
efits which led to the assessment, regardless as to whether such assess-
ments were legally valid or not. Erickson v. Cass County, 11 N. D.
494; Alstad v. Sim, 15 N. D. 636.

It is true that local assessments are said to be imposed on the theory
that the property adjacent to the improvement receives special benefit
therefrom but this is a matter which is for the determination of the
legislative authority of the state acting through its established agencies
for the government of political subdivisions, or directly by the legis-
lature of the state, as that body may see fit. *It is enough for the local
property owner that he has a right to be heard before the city council
upon the question by filing a petition for remonstrance in the proceed-
ing prescribed by law setting forth his reasons why the improvement
should not be made. Upon this the council must decide the question
and its decision is final.* French v. B. A. P. Co. 181 U. S. 324, 45 L.
ed. 879; Spencer v. Merchant, 125 U. S. 345, 31 L. ed. 763; Brown v.
Drain, 187 U. S. 635, 47 L. ed. 343.

The legislature may, instead of fixing and prescribing the tax dis-
trict itself, refer the matter to commissioners or local boards or bodies
for their ascertainment and determination; and in such case the sub-
stituted bodies possess and exercise legislative functions, and their ac-
tion must be deemed as conclusive upon the subject as if the legislature
had exercised the authority directly. 25 R. C. L. 109, citing Spencer
v. Merchant, 125 U. S. 345, 31 L. ed. 763; Bauman v. Ross, 167 U.
S. 548, 42 L. ed. 270; Wight v. Davidson, 181 U. S. 371, 45 L. ed.
900; King v. Portland, 184 U. S. 61, 46 L. ed. 431; Wagner v. Leser,
239 U. S. 207, 60 L. ed. 230; Rolph v. Fargo, 7 N. D. 640, 42 L.R.A.
646. See also note in 28 L.R.A.(N.S.) 1151.

If assessing officers in apportioning the cost of a local improvement,
visit the locality of it, examine the assessed property, and ascertain
the value and extent of the benefit conferred upon such property, and
really make such benefit the basis of the assessment, the validity of

such assessment is unaffected by the circumstance that it was worked out by the front foot rule. English v. Arizona, 214 U. S. 359, 53 L. ed. 1030; note in 28 L.R.A.(N.S.) 1190.

*McGee & Goss,* for respondent.

Of course, in cases wherein the city authorities fail to comply with the statute in their proceedings, or concededly made an arbitrary assessment without regard to the "benefits derived," the action of the city authorities is subject to review by the courts. Robertson Lumber Co. v. Grand Forks, 27 N. D. 566, 147 N. W. 249; McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808; Ellison v. LaMoure, 30 N. D. 50.

Section 3726 of the Compiled Laws of 1913 provides for a personal inspection of all of the lots, and the determination from such inspection of the particular lots which will be benefited and the amount to which such lots will be so benefited. It also provides that the Commission shall "assess against such of said lots and parcels of land such sum not exceeding such benefits as shall be necessary to pay its just proportion of the total cost of such work." Kvello v. Lisbon, 38 N. D. 81.

We have repeatedly held that the matter of assessing property cannot be trifled with, and that owners thereof are entitled to at least the expenditure of some time on the part of the Commission. Robertson Lumber Co. v. Grand Forks, supra; McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808; Hackney v. Elliott, 23 N. D. 384.

NUESSLE, J. This appeal is by the defendant, City of Minot, from a judgment in an action to set aside certain special assessments for a storm sewer and to enjoin the spreading and collecting of such assessments. The defendant demands a trial de novo.

It appears that in 1919 the defendant entered into a contract for, and caused to be constructed, a storm sewer for the purpose of disposing of surface waters. An improvement district was created and the special assessment commission proceeded to determine the benefits and assess the costs and expenses attendant upon the construction of the sewer. This assessment was later confirmed by the city commission. The plaintiff owned certain lots against which assessments were made. He objected to the assessment and on the day appointed appeared before the special assessment commission and filed a protest. The objec-

tions were overruled and the assessment confirmed and certified to the city commission. The plaintiff failed to appeal to the city commission from the action of the assessment commission and the assessment, as certified, was confirmed. Subsequently and within the six months' period, as required by the provisions of § 3715, Comp. Laws 1913, this action was begun.

The grounds for the relief demanded are set out by the plaintiff in the 9th paragraph of his complaint as follows:

"That the plaintiff's property was not in need of any drainage, was not benefited by said installation of said storm sewers—that said special assessment commission did not view and inspect said premises, and did not find that said premises were benefited by said improvement. That any alleged benefits adjudged by said commission, as received by said lots were declared without viewing the property and was arbitrarily adjudged and declared on a front foot basis of the lots to be assessed, and was determined solely by dividing the whole sum, the aggregate cost of the sewer by the number of lots adjacent thereto, and on a front foot per lot basis, instead of upon a basis of real and actual benefits to each and every lot separately determined by viewing and inspecting of all the lots adjoining and drained by said sewer as required by law, but said commission arbitrarily and without reference to benefits placed said assessment against the property of this plaintiff. That if plaintiff's property was benefited by any improvement (not admitting but denying same) the benefit does not exceed Two Dollars ($2) per lot."

These allegations are all put in issue by the answer of the defendant. The plaintiff concedes that in all respects other than those set out in the paragraph above quoted, all the proceedings relative to the initiation and construction of the work and the levying of the assessment for the storm sewer in question were in compliance with the requirements of law, art. 20, chap. 44 of the Political Code, Comp. Laws 1913. The case, therefore, rests wholly on this paragraph. It is particularly to be noted that there is no claim of fraud or bad faith.

A special assessment commission is a tribunal created by legislative authority for the purpose of determining the benefits accruing to the several tracts of land in an improvement district by reason of the construction of an improvement and assessing the costs and expenses there-

of. An owner aggrieved by the commission's findings may take an appeal to the city commission. This court has heretofore held that if the assessment as certified is confirmed, the finding of the commission as to what property is benefited and the amount of such benefits is final and will not be disturbed by a court of equity in the absence of fraud or other grounds for equitable relief. See Bismarck Home Builders' Co. v. Bismarck, 50 N. D. 973, 198 N. W. 553 and cases cited; Ellison v. La Moure, 30 N. D. 43, 151 N. W. 988. That the property was not in fact benefited at all or that there was an error of judgment on the part of the commission as to the amount of the benefits, are not grounds for equitable relief. Bismarck Home Builders Co. v. Bismarck, and Ellison v. La Moure, supra. See also Power v. Helena, 43 Mont. 336, 36 L.R.A.(N.S.) 39, 116 Pac. 415.

We are not unmindful of chapter 230, Sess. Laws 1919, providing "That in all actions and proceedings involving the validity or apportionment of any special assessment for local or special improvements where the statute limits such special assessment to the special benefits accruing to the property, the court shall review the levy and apportionment of such special assessments," but we think that this statute can not avail the plaintiff here even though it be conceded (and we do not pass upon the question) that the statute provides for an appeal to the courts in all cases thus involving special assessments. The plaintiff did not appeal to the city commission from the action of the assessment commission in overruling his objections. Such an appeal is provided for by § 3727, Comp. Laws 1913. Thus, he failed to exhaust his administrative remedy. He cannot thus ignore the city commission. Presumptively, if just cause existed, he would have secured relief from that body. Even though such chapter 230 contemplates a review by the courts, it does so only when plaintiff has exhausted his administrative remedies.

But the plaintiff here alleges not only that his lots were not or could not be benefited, but he also alleges that the commission wholly failed to follow the requirements of the statute in determining the benefits and making the assessments, and he contends that he may, therefore, invoke the aid of a court of equity. We think, if he can sustain the allegations of his complaint by proof, that he is right in his contention. In other words, his complaint states a cause of action. See Ellison v.

La Moure, supra; McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808; Robertson Lumber Co. v. Grand Forks, 27 N. D. 556, 147 N. W. 249.

Therefore, the question for consideration in this case is as to whether the assessment commission complied with the provisions of § 3726, Comp. Laws 1913, which prescribes the manner in which special assessments shall be made and which reads:

"It shall be the duty of such commission, whenever required under the provisions of this article to make any special assessment, to personally inspect any and all lots and parcels of land which may be subject to such special assessment and determine from such inspection the particular lots and parcels of land which will in the opinion of such commission be especially benefited by the construction of the work for which such special assessment is to be made and thereupon determine the amount in which each of said lots and parcels of land will be especially benefited by the construction of the work for which such special assessment is to be made and thereupon assess against such of said lots or parcels of land such sum, not exceeding such benefits as shall be necessary to pay its just proportion of the total cost of such work. . . ."

The plaintiff's contention is that it did not; that the assessment was arbitrarily made and without reference to the actual benefits, without a personal inspection of the property benefited and according to a front foot or area basis.

The record discloses that the lots comprising the special improvement district are in territory that has a natural slope; that practically all of them are hilly and naturally drained; that the plaintiff's lots here concerned lie in the main along and in a coulee or ravine much below the level of the surrounding territory. It further appears that the commission, in making the assessment, proceeded substantially as follows: It procured from the city engineer a plat of the district, such plat showing the various lots within the district and their respective boundaries and areas. The commission also procured a report of the engineer as to the grade and drainage of the property within the district, accepting such report as being accurate. The footage and areas of the various lots were obtained by taking into consideration the front footage of the inside lots and the front footage and half the depth of

the corner lots, and all lots identical in these respects were assessed alike whether they lay high or low, excepting that the lots in the further limits of the area drained, that is, all the lots lying south of Eighth Avenue, Southeast, were assessed only half as much as the others in the district of the same area and footage. This portion was higher than the remainder of the district. No consideration was given to any differences in values of the various lots. The city auditor certified the total cost of the improvement to the commission. The amount of the assessment against each lot was determined in an amount equal to that proportion of the total cost and expense of the improvement which the footage and area of such lot bore to the total footage and area of all the lots in the district. The benefits were fixed at an amount equal to 125 per cent of the cost of the improvement distributed as above indicated. The only personal inspection given by the commission, as such, was by riding up and down the various streets in an automobile, whence they viewed the whole district, taking, as they said, a birdseye view of it. This required something less than an hour in time. It appears, however, that some of the commissioners lived in the district and near to the lots in question. The testimony is that the commissioners determined the benefits according to their best judgment, basing that judgment upon such knowledge as they had and obtained in the manner above described, and that, so far as they were able to determine, the lots were benefited in the amounts thus found by them.

As we have stated above, the law is well established that, if an assessment board exercises its judgment in determining benefits, any errors of judgment that it may have been guilty of may not be corrected by a resort to a court of equity. If there was an exercise of judgment, that judgment is final on the question of benefits, except as relief may be had on appeal. In this case it seems to us that the plaintiff has failed to establish, as he was bound to do, that there was not an exercise of judgment on the part of the commission. The mere fact that in exercising that judgment the commissioners took into consideration the report of the city engineer as to the topography of the lots in question, or that they, in exercising that judgment, took into consideration the front footage of the various lots or the areas thereof, does not establish the contention of the plaintiff. It seems to us they would have been derelict to their duty had they not done so. The improve-

ment was a storm sewer and, necessarily, the amount of flood waters to be carried off depended upon the areas of the various lots. Surely, it rains alike upon them all, and the storm waters to be carried from each must be proportionate to the areas of each. It is true that the statute, § 3726, Comp. Laws 1913, supra, requires the assessments to be levied in proportion to the benefits conferred and forbids a levy according to front footage or area. Nevertheless, it does not forbid the commission to consider front footage or area as elements in determining the benefits. See Robertson Lumber Co. v. Grand Forks, supra. And while the same statute, § 3726, supra, requires the commission to personally inspect any and all lots subject to the assessment, it does not specify just what shall be done in the way of such inspection. We believe that what the statute contemplates in this respect is that the commission shall have a personal knowledge of the physical characteristics and conformation of the property; that such knowledge must be gained by the members of the commission by a view of the property; that it is immaterial when or how such knowledge be acquired if the members, in fact, have such personal knowledge. The purpose of the statute is met if they have such knowledge of the physical property based on what they themselves have seen and not on the report of others. Tested in this way it seems to us that, so far as appears from the record in this case, the requirements of the statute were complied with. The commissioners overlooked the whole area. They saw the various lots. Some of them lived adjacent to and must have been intimately acquainted with the lots here in question. Minot is not a city of great size, and it is fair to assume that all of them were well acquainted with the whole district. Had they walked around and over every lot and climbed every hill on the property, we doubt that they would have increased their knowledge. Surely, the statute does not require the commissioners to be engineers and make exact measurements with level and chain.

The trial judge held the assessment as made to be arbitrary and not in accordance with the statutory requirements and made a reassessment based upon the record in this case and presumably upon a personal inspection of the district. It is, we believe, significant that the reassessment made by him fixed the assessment as against each tract in the district at exactly 25 per cent of the amounts found and levied by the

commission. In other words, the judgment of the trial court was identical with the judgment of the commission as to the comparative benefit and assessment to and against each tract, the only difference being as to the amount of that benefit. But as to the amount of the benefit the judgment of the commission was, as we have said above, final.

It seems to us that it is humanly impossible to do exact justice in determining benefits. The best that can be expected is a reasonable approximation to equality. And thus the matter is left to the judgment and discretion of a local tribunal, which must inspect all the lands in the district and which has knowledge that cannot be gained from the testimony of witnesses or by reading a cold record. We think that it is not possible to say on the whole record that there was a failure to exercise judgment based upon the statutory requirements in the determination of benefits and that the plaintiff has failed to establish such a case as will warrant this court in overturning the assessment. The judgment of the trial court must, therefore, be reversed and judg·ment entered for the defendant. It is so ordered.

CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., concur.

BRONSON, Ch. J., concurs in result.