[File No. 6819]

E. L. GUNDERSON, Appellant, v. A. H. MAIDES, Patrick Gerrity, George Bjornson, B. A. Haagenson and Joe Viall as the Board of City Commissioners of the City of Ray, North Dakota; and Marvin O. Sanders as the City Auditor of the City of Ray, North Dakota, Respondents,

and

THE STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, Intervener and Respondent.

(3 NW(2d) 236)

Opinion filed March 30, 1942

*Ivan V. Metzger,* for appellant.
*Marvin O. Sanders,* for respondents.
*James A. Little* and *Robert Birdzell,* for intervener and respondent.

MORRIS, J.   In 1938, the city of Ray established Sewer District Number 1 and Water District Number 1 for the purpose of constructing a municipal sewer system and a municipal waterworks system.   Advertisements for bids were duly published and contracts awarded for the construction of these systems.   In October, 1939, the city auditor certified to the special assessment commission of the city that the cost of the sewer system to be paid by special assessment as far as the same was then ascertained was the sum of $33,200, and the cost of the Waterworks System was the sum of $48,000, making a total for both projects $81,200.

Prior to undertaking the construction of sewer and water systems, the city commission secured a grant from the Public Works Administration of the Federal Government in the amount of 45 per cent of the cost thereof but not to exceed, in any event, the sum of $14,940, for the sewage system and $21,870, for the waterworks system.   Thus, a

P.W.A. grant financed 45 per cent of the cost of these projects. The remaining money needed for this construction was secured by issuing and selling warrants to the Bank of North Dakota. The sewer district warrants thus sold amounted to $18,260, and the waterworks district warrants amounted to $26,730. These warrants remained outstanding and in the hands of the Bank of North Dakota at the time of trial.

The special assessment commission proceeded to levy the full cost of these improvements as special assessments against the property found to be especially benefited. The assessment with respect to the sewer system was made pursuant to the following resolution of the city commission.

"Whereas, The city of Ray, North Dakota, has entered into a contract for the construction of a sewer system in Sewer District Number One of such city, and has made provision that a portion of the cost of such improvement shall be paid by the issuance of special assessment warrants drawn against Sewer District Number One Fund of the city created for that purpose; and

"Whereas, The special assessment warrants issued for such purpose have been sold to the Bank of North Dakota, upon the express condition that special assessments should be levied upon the property within Sewer District Number One of the city benefited by such improvement in the full amount of the cost of such improvement; and

"Whereas, Warrants for such purpose have been issued in the sum of $18,260.00,

"Now, therefore, be it resolved by the city council of the city of Ray, North Dakota:

"1. That upon the completion of said improvement and the approval thereof by the city engineer special assessments will be levied against the property found by the special assessment commission of the city to be especially benefited by such improvement in the full amount of the cost of such improvement.

"2. That the special assessments collected pursuant to such levy shall be paid into Sewer District Number One Fund heretofore created until such time as the warrants issued to pay the cost of the construction of such improvement, together with the interest which shall have accrued thereon, shall have been fully paid.

"3. That upon the payment of all the warrants issued for the purpose aforesaid no further assessments levied conformably hereto shall be certified to the county auditor for collection, and thereupon and thereafter the assessments made as herein directed and not certified and collected shall be canceled."

"4. That it is the purpose of this resolution to provide for the payment of the warrants which shall be issued to pay the cost of the construction of the improvement aforesaid; and that when such warrants shall have been paid and canceled the assessments levied to pay the same shall be without further force or effect." A similar resolution was passed with respect to waterworks assessments.

The plaintiff is a property owner and resident of the city of Ray and the improvement districts involved in this proceeding. He seeks an injunction restraining the Board of City Commissioners and the city auditor from taxing or assessing the respective tracts of property within the improvement districts for greater sums than would be the proportionate shares of the cost of the improvements left after crediting thereon the 45 per cent of the cost secured by the city from the P.W.A. grants. He contends that since 45 per cent of the cost was paid by grants secured from the Public Works Administration that only 55 per cent of the cost should be spread as assessments against the property benefited.

The Bank of North Dakota was permitted to intervene in the action because of its interest as the holder of the warrants issued by the respective improvement districts to pay 55 per cent of the cost of the improvements.

The procedure, had in connection with the formation of the improvement districts and the construction of the improvements, is not challenged. The plaintiff testified that he had no objection except that the cost assessed against the property included the 45 per cent that was obtained through the Federal grants. It is not claimed that the assessments assessed against the plaintiff's property exceeded the benefits or were unjustly proportionate as between the parcels of property against which they were levied or spread. The question for decision is, therefore, a narrow one. It is whether the property owners, in view of the fact that 45 per cent of the cost of the improvements was ob-

tained by Federal grant, may insist that the assessments against the property benefited be limited in the aggregate to the remaining 55 per cent of the cost of the improvements.

By the organization of a water district and a sewer district with authority to construct improvements, levy assessments and issue warrants, the city of Ray became liable for any deficiency that might arise in the special assessment funds created for the payment of these warrants. Chapter 174, N. D. Session Laws 1923, as amended by chapter 171, ND Session Laws 1929; Marks v. Mandan, 70 ND 474, 296 NW 39; note in 135 ALR 1287.

The grants from the Public Works Administration were obtained through procedure that consisted of an offer of assistance by the Federal Emergency Administrator of Public Works and an acceptance by the city through a resolution adopted by the Board of City Commissioners. The offer was made to and accepted by the city of Ray as a municipality. The offer with respect to the sewage system was made "to aid in financing the construction of a sanitary sewerage system and sewage disposal plant, including the acquisition of necessary lands and rights of way (herein called the 'Project'), by making a grant to the city of Ray (herein called the 'Applicant') in the amount of 45 per cent of the cost of the Project upon completion, as determined by the Federal Emergency Administration of Public Works (herein called the 'Administrator'), but not to exceed, in any event, the sum of $14,940." A similar offer was made with respect to the construction of the Waterworks System and accepted by the city.

From the foregoing, it appears that the grant was made primarily to the city of Ray and not to the property owners within the improvement districts. The city had a contingent liability to levy taxes for the purpose of making good any deficiency that might arise in either the water district or the sewage district special assessment fund upon the maturity of the last warrant. The property owners were benefited by the construction of the improvements through benefits accruing to the property that they owned. These benefits constitute the basis for the special assessments and the limits of the amounts that could be assessed against specific tracts of property. ND Comp. Laws 1913, § 3726; Hale v. Minot, 52 ND 39, 201 NW 848. The statute makes

the benefits accruing to the property and not the proportionate share of the cost of the work the limit to the amounts of the assessments that may be levied against separate tracts.

The city to which the grants were made by the Federal Government has the first right to protection against liability for the improvements. If any portion of the granted funds are needed to protect the city against its contingent liability and against the necessity of levying general taxes to take up deficiencies, it has a right to use the granted funds for that purpose. The primary liability to pay for the improvements rests upon the specific property benefited. While a general benefit to all property of the city no doubt results from a sewer system or a waterworks system, that benefit is more remote than that which accrues to the property found to be especially benefited.

It will be noted that though the total cost of the improvements has been ordered assessed against the property, warrants only to the extent of approximately 55 per cent of this cost have been issued and the City Commission has by resolution declared that when sufficient funds to pay these warrants have been collected all remaining assessments shall be canceled. The result of this procedure is to collect from assessments against the property especially benefited, only enough money to redeem warrants that were issued to the extent of 55 per cent of the total cost. If assessments against some tracts are uncollectible, assessments against other property will continue to be collected until the full amount of the 55 per cent is realized. This, however, works no injustice against the plaintiff or others who pay. Their property received benefits from the improvement. The assessments are and must be less than these benefits. Neither injustice nor inequality results. When the improvement has been completely paid for by the 45 per cent obtained by grant, and the 55 per cent collected from special assessments levied upon property especially benefited, no more will or can be exacted from the owners of that property. By this procedure the city may not be required to levy general taxes to take up deficiencies in the special assessment funds. The grants to the city will have the effect of protecting the city against general liability for these deficiencies. The net result will be that property benefited will in the aggregate bear 55 per cent of the cost of the improvements and the remaining 45 per

cent will be paid by the funds granted by the Public Works Administration for that purpose. There can be no question about the legality of this arrangement under our statutes, and the owners of property especially benefited by the improvements have no just cause for complaint. Affirmed.

BURKE and NUESSLE, JJ., concur.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the judgment. In absence of the arrangement made between the Board of City Commissioners and the Public Works Administration, each property against which a special assessment was made would have been required to pay at least 100 per cent of such assessment. Under the arrangement the amount may be reduced 45 per cent, and probably will be reduced substantially. In no event can it be increased. I agree with my Associates: "There can be no question about the legality of this arrangement under our statutes, and the owners of property specially benefited by the improvements have no just cause for complaint."

I do not agree, however, that there was or is any contingent liability on the part of the city of Ray for any deficiency that may arise in the special assessment funds created for the payment of the warrants drawn against such funds. The reasons for this view are fully set forth in my dissenting opinion in Marks v. Mandan, 70 ND 474, 296 NW 39, and I shall not repeat them here.

BURR, Ch. J., I agree with the foregoing special concurrence.