[File No. 7305]

MILES REED; William E. Porter; John A. Crawford; Lang-
don Farm Supply, a corporation; Roy M. Wells and Miles
Reed as Trustees for Langdon Post No. 98 American
Legion; Melvin Johnson; Ramage & Son, a corporation;
and The Liebeler Co., a corporation, Appellants v. THE
CITY OF LANGDON, a Municipal Corporation; O. S.
Johnson as City Auditor thereof; and Otto Rasmussen as
County Auditor of the County of Cavalier, North Dakota,
Respondents.

(54 NW2d 148)

Opinion filed June 5, 1952.   Rehearing denied July 16, 1952

*Shaft & Benson,* for appellants.

*Nilles, Oehlert & Nilles* and *Robert Q. Price,* for respondents.

MILLER, District Judge.   This suit was brought by a number of plaintiffs who are owners of property within the Consolidated Water and Sewer District Number 2 of the City of Langdon, North Dakota, against said city, its Auditor, and the Auditor of Cavalier County, North Dakota, to perpetually restrain and enjoin said County Auditor from spreading certain special assessments to pay for the cost of construction of water and sewer improvements in such district, certified to him by said City Auditor.

Plaintiffs allege that on July 5, 1949, the Board of Commissioners of defendant city passed Ordinance Number 212, by the terms of which "Consolidated Water and Sewer District Number 2" was created and which did describe the size and form of such improvement district; thereafter plans and specifications for sewer and water extensions and of an Imhoff tank were prepared by its engineers, bids were called for, and a contract was let for the construction thereof; that special assessment warrants for eighty-five per cent of the cost were issued and sold, and the City assumed the remainder of the cost; that the City Auditor has certified such special assessments to the County Auditor.   These allegations are admitted.

The record further discloses that on August 15, 1949, the City Commission passed a resolution approving the plans, declaring the improvements necessary, ordering that special assessments be levied against the property in the district as

described in the resolution, and directing that all protests against such improvements be filed with the City Auditor within thirty days after the first publication of such resolution. Notice was also given that the Board would meet September 19, 1949, in the City Hall at eight o'clock p.m. No written protests to such improvements were ever filed within such thirty-day period, or at all.

On November 12, 1950, the City Board directed its Special Assessment Commission to determine the benefits and assessments to be levied against the property in said District Number 2, and later, on November 30, 1950, by resolution, directed such Commission to levy a sufficient amount to raise eighty-five per cent of $68,000.

The Special Assessment Commission proceeded to determine the benefits to each property unit and the amount of assessment required to pay for such improvements. It submitted a written report to the City Commission reciting the amount of effort spent, the number of inspections of the property made, and methods used in making such determinations. It caused notice to be published describing each piece of property, the amount of the benefit to and the assessment against such property as determined by it. Notice was also given that any objection thereto would be heard December 29, 1950, at eight o'clock p.m. in the City Hall. Several appeared at the meeting, but only five written protests were filed. The assessments were confirmed and no appeal therefrom to the City Commission by any property owner was taken.

Notice of confirmation of the assessment list was published January 25, 1951, and notice of hearing on any appeal therefrom to the City Commission was set for February 19, 1951, at eight o'clock p.m. No appeals were filed, but several property owners appeared, many for the first time, and objected orally and in writing. A few adjustments were made and the remaining complaints were denied.

It further appears that water and sewer installations were made in the home of one O. S. Johnson, whose property was situated outside such improvement district, with the understand-

ing that he would pay to the City the actual cost of such improvement when determined. The cost of this installation was included in the original contract and was paid for from the special assessment fund.

Plaintiffs now contend:

1. That the City Commission failed to include in such district, abutting property benefited by such improvements and was therefore guilty of fraud as a matter of law.

2. That there is no authority for consolidation in one contract of proceedings for installation of sewer, water and Imhoff tank.

3. That the Special Assessment Commission failed to assess the property on the basis of the actual benefits and that their actions were arbitrary and discriminatory.

4. That certain property within the district was not assessed.

5. That water and sewer mains were extended to the property of O. S. Johnson, outside the district, and the cost thereof included in the contract.

6. That certain lots outside the district were assessed, and three within the district in excess of the benefits determined.

7. That the lots assessed were not sufficiently described to identify them.

The above will be disposed of in the order given.

1. *Omission of Property.* The authority of the City Commission to create the improvement district in question, the regularity of the proceedings creating such district, and the passage of a resolution of necessity are not questioned. Nor is it contended that any written protests were filed by interested property owners inside the district within the time specified in the published notice.

Generally speaking, a city council or commission is the judge of the necessity of sewers and water mains, and its determination as to the boundaries of the district and the property included therein is generally conclusive. Limitations on this rule are recognized, however, where fraud, bad faith, arbitrary action, or abuse of discretion are evident, in either of which the courts may review such determinations. 63 CJS, Municipal Corporations, Sec 1367, p 1122; 44 CJ, Municipal Corporations, Sec 2971,

p 574; Robertson Lumber Co. v. Grand Forks, 27 ND 556, 147 NW 249.

In this case there is no showing of fraud or bad faith on the part of the Board. The adjoining properties excluded from the district (a county courthouse, a church, a school playground and a hospital) already had installed private water and sewer systems.

There is room for a difference of honest opinion whether these properties should have been included. Sec 40–2209 NDRC 1949 Supp has vested in the governing board the power and discretion to determine the size and form of an improvement district to be created, and in the performance of such duties, a court of equity cannot properly interfere with the exercise of discretionary powers by the Board, in the absence of fraud, bad faith, arbitrary action or abuse of discretion. Hufford v. Flynn, 48 ND 33, 182 NW 941; 63 CJS, Municipal Corporations, Sec 1367, p 1123; 44 CJ, Municipal Corporations, Sec 2972, p 576.

The Board had jurisdiction and acted within its power. There is no showing of fraud, bad faith, arbitrary action, or abuse of discretion. The plaintiffs having filed no written protests to the Board's action creating such district, they are bound thereby and the findings of the Board are conclusive. 63 CJS, Municipal Corporations, Sec 1368c, p 1125; 44 CJ, Municipal Corporations, Sec 2976, p 578.

2. *Consolidation of Projects.* "For the purpose of making improvements specified in this chapter and defraying the cost thereof by special assessments, a municipality shall create sewer districts, . . . water main districts, waterworks districts, . . . or for any two or more of such purposes, and may extend any such district when necessary. . . ." Sec 40–2208 NDRC 1949 Supp.

"The determination of a municipal council as to the unity and singleness of an improvement project is conclusive except for fraud or demonstrable mistake." 63 CJS, Municipal Corporations, Sec 1367b, p 1124; 44 CJ, Municipal Corporations, Sec 2973, p 577.

Clearly, the two projects may be consolidated, but plaintiffs

contend also that inclusion of the Imhoff tank is not a part of the project and therefore increased the cost of the installations.

However, Sec 40–2201 NDRC 1949 Supp expressly empowers the municipality to include in the cost of a sewer system, expenses of all contrivances, appurtenances and structures for a complete sewer system.

3. *Special Assessments.* The steps taken by the Special Assessment Commission, as outlined in the above statement of facts, are not disputed. In determining the benefits and assessments, this Board filed a written report of its actions from which it appears that the Commission made seven inspections of the properties and discussed methods of determining the amounts of the assessments; that a levy on a "square foot basis" or a "front foot basis" was discarded as inequitable; that "It was the opinion of the Assessment Commission that the benefits derived should be the prime consideration in determining the method of taxation." It appears that the Commissioners determined the amount of the assessments from the benefits to the property according to their best judgment, basing that judgment upon different factors and elements from which they formed their conclusions.

Accordingly, the Commission made a list of the property, including a determination of the benefits and assessments after each item, and filed the same with the City Auditor, which was later confirmed by the City Commission. In performing this duty, the Board has complied with the mandates of Sec 40–2307 NDRC 1947 Supp, which reads in part as follows: ". . . The commission shall determine the amount in which each of the lots and parcels of land will be especially benefited by the construction of the work for which such special assessment is to be made, and shall assess against each of such lots and parcels of land such sum, not exceeding the benefits, as shall be necessary to pay its just proportion of the total cost of such work, . . . ."

In this connection, it may be pointed out that the Commission had jurisdiction to act; that it did determine the amount in which each of the lots would be benefited by the improvement; that it did assess each lot in an amount, not exceeding the benefits, necessary to pay the cost of the project.

Our court, in Hale v. Minot, 52 ND 39, 201 NW 848, has held: "Where the statute prescribes the method of procedure to be followed by the commission in determining benefits and making assessments and the commission wholly fails to follow such statutory requirements, equitable relief may be invoked even though the remedy by appeal has not been exhausted."

It is not contended nor does the record disclose that the required steps were not taken. The complaints of the plaintiffs refer only to the amount of the determination of benefits and assessments in individual cases. These attacks are solely upon the discretionary acts of the Commission and cannot be construed to affect the validity of the proceedings taken.

The extent to which property will be benefited by an improvement is a question of fact. There was no evidence attacking the determination of the Commission in this respect, nor was there any proof of fraud, arbitrary action or palpable error. These may not be assumed. The burden of proof was upon plaintiffs. The fact that there may have been an error on the part of the Commission as to the amount of any benefit or assessment is no ground for invalidating the entire proceeding.

A number of written protests were filed by different property owners with the Assessment Commission, objecting to the assessments as being excessive and more than the benefits. They were rejected.

These parties had a remedy. The Board had confirmed the assessment list and did give notice of the time when and the place where such list would be acted upon.

Sec. 40-2314 NDRC 1943 provides: "Prior to the meeting at which the governing body will act upon the assessment, any aggrieved person may appeal from the action of the special assessment commission by filing with the city auditor . . . a written notice of the appeal, stating therein the grounds upon which the appeal is based."

These parties, therefore, had a remedy of which they did not avail themselves, and while they did appear before the Commission they did not appeal to the City Commission. They are therefore bound by the findings of the Assessment Commission

and cannot now invoke the aid of a court of equity. Hale v. Minot, 52 ND 39, 201 NW 848.

"A special assessment commission is a tribunal created by legislative authority for the purpose of determining the benefits accruing to the several tracts of land in an improvement district by reason of the construction of an improvement, and assessing the costs and expenses thereof.

"Where no appeal is taken therefrom and the finding is confirmed by the city commission, the finding of a special assessment commission as to the property benefited and the amount of such benefits is final and will not be disturbed by a court of equity in the absence of fraud or other grounds for equitable relief." Hale v. Minot, 52 ND 39, 201 NW 848; Bismarck Home Builders' Co. v. Bismarck, 50 ND 973, 198 NW 553; 63 CJS, Municipal Corporations, Sec 1375b, p 1139; 44 CJ, Municipal Corporations, Sec 2994 p 590.

"Generally, all presumptions are in favor of the validity of assessments for local improvements, and the burden is on persons attacking the validity of assessments to show that they are invalid." 63 CJS, Municipal Corporations, Sec. 1447, p 1234; 44 CJ, Municipal Corporations, Sec 3144, p 678.

In short, equitable relief may be granted by the courts when a commission fails to substantially comply with the statutory requirements, or acts fraudulently or arbitrarily. As to matters within the discretionary powers of the Commission, the owner, if dissatisfied with the findings, is limited to an appeal to the City Commission. No appeal having been taken, and there being no fraud or arbitrary action, the findings upon such matter became final.

4. *Failure to Assess Certain Property.* Plaintiffs contend that the right of way of the Great Northern Railway Company within the improvement district was not assessed, thereby increasing the amounts assessed against the remainder of the property.

"The omission to assess property not benefited, although included in the improvement district, will not affect the validity of the assessment. It has been held that, where such property has been omitted, the presumption is that it was omitted because

not benefited, . . . ." 63 CJS, Municipal Corporations, Sec 1437, p 1226; 44 CJ, Municipal Corporations, Sec 3132, p 671.

The protests filed with the Assessment Commission referred generally to the fact that property within the district had not been assessed. However, no evidence was submitted showing the benefits, if any, to the railroad property, excepting the report of the Assessment Commission which contained this entry, "G. N. No benefits." This was a discretionary matter for the Commission, and while it may have erred, there was no appeal from the Board's findings and they therefore became final.

The principles of law outlined in the preceding paragraphs under *Special Assessments* and in Hale v. Minot, supra, are applicable to this objection.

5. *The Johnson Installation.* This property is not within the district and concededly is not subject to assessment. The cost of the installation was included in the contract for the original project, and plaintiffs contend that this nullifies the whole assessment.

Any municipality may defray the expense of a waterworks and sewer system by special assessment. Sec 40–2201 NDRC 1949 Supp.

For the purpose of making such improvements and defraying the cost thereof by special assessments, a municipality shall create waterworks and sewer districts. Sec 40–2208 NDRC 1949 Supp.

After the total cost of such work shall have been estimated, the governing body may direct assessments to be levied for the payment of all or any part of such cost. Sec 40–2305 NDRC 1949 Supp.

From the foregoing, it is clear that inclusion of the cost of the Johnson installation in the original contract by the City Commission was without authority and invalid.

"An assessment which exceeds the cost of the improvement or a final estimate of such cost, . . . is invalid to the extent of the excess." 63 CJS, Municipal Corporations, Sec 1415, p 1203; 44 CJ, Municipal Corporations, Sec 3095, p 650.

Although the cost of this installation was included in the cost of the original project, there was a separate contract with the

City to handle it as an "extra" on a per foot cost basis, exclusive of any cost for engineering, advertising or interest.

The record does not disclose what the additional cost for this item would be, but it is apparent that it may be determined.

"Where legal and illegal items are so blended together in an assessment that separation thereof is impossible, the entire assessment is invalidated; but the assessment is valid and enforceable to the extent of the legal items therein where such items can be separated from items improperly included therein." 63 CJS, Municipal Corporations, Sec 1412, p 1201; 44 CJ, Municipal Corporations, Sec 3092, p 649.

Since such item of cost may be segregated, the amount thereof should be determined by the trial court and deducted from the total assessment.

"The courts shall review the levy and apportionment of the special assessments in all actions and proceedings involving the validity or apportionment of any special assessment for local or special improvements. Sec 40–2601 NDRC 1943.

"If errors or mistakes occur in making an assessment in respect to the total cost of the improvement or otherwise . . . , the governing body shall . . . correct such errors or mistakes. . . ." Sec 40–2602 NDRC 1943.

"No error or omission which may be made in the proceedings of the governing body, or of any officer of a municipality in referring, reporting upon, ordering, or otherwise acting upon any local improvement to be financed by special assessments or in making or certifying any such assessment shall vitiate or in any way affect the assessment. If it shall appear that by reason of any such error or omission substantial injury has been done to any party or parties claiming to be aggrieved thereby, the court shall alter such assessment as may be just, and the same then shall be enforced." Sec 40–2606 NDRC 1943.

6. *Erroneous Assessments.* Certain lots outside the improvement district were assessed through error and three lots within the district were assessed in excess of the benefits found by the Board.

Sec 40–2606 NDRC 1943 authorizes the court to determine the amount any property should pay, if the assessment shall be

held void by reason of non-compliance with any provision of the laws of this state.

Property outside the limits of an improvement district is not subject to special assessment, nor is property within such district subject to assessment in excess of the determined benefits. The corrections made by the trial court are right.

7. *Description of Property.* No question of insufficient description of property assessed was raised in the trial court.

A question not raised in the trial court will not be considered for the first time on appeal. Felton v. Midland Continental Railroad, 32 ND 223, 155 NW 23; McDonald v. Abraham, 75 ND 457, 28 NW2d 582.

The judgment of the District Court should be modified to provide for a reduction of the total assessments made, in an amount equal to any cost of the Johnson installation included therein, and the case is remanded to that court for the taking of additional testimony upon such issue and for a determination of such cost. Such judgment should otherwise be affirmed.

MORRIS, C. J., and BURKE, SATHRE and CHRISTIANSON, JJ., concur.

GRIMSON, J., being disqualified, did not participate, HARVEY J. MILLER, Judge of Sixth Judicial District, sitting in his stead.