**FOSS METHODIST CHURCH, a non-profit corporation, Plaintiff and Appellant,**

**v.**

**CITY OF WAHPETON, North Dakota, a municipal corporation, and Dean K. Bassett, as Auditor of the City of Wahpeton, Defendants and Respondents.**

**No. 8465.**

Supreme Court of North Dakota.

Feb. 29, 1968.

Lewis & Bullis, Wahpeton, for plaintiff and appellant.

Johnson, Milloy & Eckert, Wahpeton, for the defendants and respondents.

ERICKSTAD, Judge (on reassignment).

By summons and complaint dated September 26, 1966, Foss Methodist Church brought an action against the City of Wahpeton and its auditor, seeking to have certain special assessments levied against its property set aside as being invalid or to have them reduced to the amount of the benefits derived by the church as determined by the court. It further asked the court to enjoin the City and its auditor from levying and collecting the assessments that were made. The summons and complaint were served upon the City and its auditor on October 6, 1966.

The basic contentions of the complaint were that the assessments that were made against the church's property were not based upon the benefits especially received by

that property; that the assessments levied against the church's property exceeded the benefits received by it; that no benefits accrued to the church from the construction of the parking lots for which the assessments were made; that the method used by the City in levying the special assessments was arbitrary and contrary to law, in that the assessments were made on the basis of foot frontage instead of upon the benefit actually received by each tract included in the improvement district; and that the assessments deprived the church of its property without due process of law and thus were unconstitutional, being in violation of § 13 of the North Dakota Constitution and the 14th amendment to the Constitution of the United States.

The answer served on the church on behalf of the City and its auditor on October 26, 1966, denied those allegations and asked that the complaint be dismissed, or, if the court should determine that the assessments were improper, that the court determine the proper assessments.

At the commencement of the trial the parties, through their attorneys, stipulated the following:

MR. BULLIS [counsel for the church]: May it please the Court, for the record, your Honor, I think we should state in the record that as far as these proceedings are concerned that the parties are in agreement that all proceedings, all statutory proceedings with regard to the creation of the Improvement District known as Improvement District Number PL–1–66 [properly PL–1–65] have been followed in compliance with the statutes and that the plaintiff has duly followed its administrative procedures in protesting to the Special Assessment Commission and in appealing to the City Council of the City of Wahpeton; it is also agreed between the parties, I believe, that the plaintiff is the owner of Lots Five and Six in Block Thirty-two of the Original Townsite of the City of Wahpeton, and that the only question to

be resolved in these proceedings concerns the method of determining the benefit and assessments to the property owned by the plaintiff in Improvement District PL–1–66 [properly PL–1–65].

Is that all?

MR. ECKERT [counsel for the City]: And whether the church received benefits and if so what was the extent of the benefits.

MR. BULLIS: Yes.

THE COURT: Do you agree with that statement?

MR. JOHNSON [counsel for the City]: Yes.

Following the trial the district court issued its findings of fact and conclusions of law and ordered judgment in favor of the City for a dismissal of the church's complaint.

The pertinent findings of the trial court were:

8.

That the Special Assessment Commission in determining the benefits considered several factors in determining whether certain property has been benefited and how much. Proximity to the parking lots, use of property and need for parking, and enhanced value of the property by reason of accessibility to parking lots were some of the more important factors that were considered.

9.

A church has a need for a parking lot during certain periods, particularly during worship periods. This fact was recognized by the City of Wahpeton when it deemed it necessary to adopt an ordinance to provide that no new church may be constructed unless provisions for a certain amount of off-street parking is provided. Most of the churches in Wahpeton have already acquired and developed their own parking lots.

10.

One of the special improvement large parking lots is located directly across the street in front of the plaintiff church. It could not have been more ideally located for the convenience of plaintiff church. The location of the parking lot satisfied fully the need for parking of the plaintiff, since the lot is almost totally available to plaintiff on Sundays when it has its greatest need. It is true that the main street businesses have a need for six days a week, but since all the businesses in common have to use the lots, their needs may or may not be fully met at any particular time since spaces are not reserved to any particular business establishment.

Its conclusions which are pertinent to the issues in this case are:

3. The determination of benefits by a Special Assessment Commission is final and will not be disturbed by the Court in the absence of fraud or other grounds entitling the property owner to equitable relief. The scope of review to which the Courts must be confined is limited to equitable relief based on fraud, or mistake, or arbitrary actions such as would amount to non-compliance with the statutes that govern special assessments. The plaintiff has failed to meet the burden of proof in this case to establish that the actions of the Special Assessment Commission and the City Council have been so unjust and arbitrary that they constitute non-compliance with Sections 40–23–07 and 40–23–15 of the North Dakota Century Code.

4. The determination benefits must necessarily be a discretionary matter. The Legislature has seen fit to vest this discretion in a Special Assessment Commission. The Courts should not be asked to substitute their judgments for that of a Special Assessment Commission. Mere errors in judgment are not sufficient to set aside a determination made by a Special Assessment Commission. It must amount to palpable error, or non-compliance with statutory provisions.

5. The Court cannot state in this case that the assessment made by the Special Assessment Commission and confirmed by the City Council was arbitrary or amounted to palpable error so as to constitute non-compliance with the statute pertaining to determination of special assessments.

\*  \*  \*  \*  \*  \*

7. That the defendants are entitled to judgment herein dismissing the action of the plaintiff  \*  \*  \*.

Judgment was entered accordingly, and it is from that judgment that the church appeals and demands a trial de novo in this court.

It is apparent that the first thing we must determine in this case is the scope of our review. The church seems to take the view that the trial court's approach would have been the correct approach under the statutes as they existed in North Dakota before the enactment in 1919 of ch. 230, § 1, which is now incorporated in N.D.C.C. § 40–26–01. It states that it relies mainly for its position on Northern Pac. Ry. Co. v. City of Grand Forks, 73 N.W.2d 348 (N.D.1955). It stresses that this court stated in that case that the principal special benefit conferred upon a lot by the establishment of a parking lot in its vicinity is proportionate to the need that the business conducted thereon has for a parking lot; and it asserts that the church had little or no need for the public parking lots, because on Sundays, when it had the greatest need for the use of its property, it had accessible onstreet parking, the parking facilities to the west provided by the Metropolitan Savings & Loan Association, and the parking facilities to the east provided by the County in conjunction with the courthouse.

It further asserts that nothing contained in *Northern Pac. Ry. Co.* indicates that the Court's review is in any way limited.

In the latest decision in which this court discussed its scope of review in special assessment proceedings, it quoted American Jurisprudence as follows:

48 Am.Jur. 588, Special or Local Assessments, section 29, reads in part as follows:

"Determination of Benefit.—The question of the existence and extent of special benefit resulting from a public improvement for which a special assessment is made is one of fact, legislative or administrative rather than judicial in character, and the determination of such question by the legislature or by the body authorized to act in the premises is conclusive on the property owners and on the courts, unless it is palpably arbitrary or grossly unequal and confiscatory, in which case judicial relief may be had against its enforcement."

Murphy v. City of Bismarck, 109 N.W. 2d 635, 648–649 (N.D.1961).

That statement is only a dictum, however, as the Court did not apply the rule. Because the special assessment commission had not acted, the Court held that any review would be premature.

That the court had the power of review in special assessment proceedings before the enactment of N.D.Sess.Laws 1919, ch. 230, at least as early as 1905, and thus before Hale v. City of Minot, 52 N.D. 39, 201 N.W. 848 (1924), and other decisions cited, is clear from a reading of N.D.Sess.Laws 1905, ch. 62, § 155. The pertinent part reads:

Whenever any action or proceeding shall be commenced and maintained before any court to prevent or restrain the collection of any special assessment or part thereof, made or levied by the officers of any city for any purpose authorized by law, and whenever any action or proceeding shall be commenced and maintained as aforesaid to vacate or set aside any sale of real estate for such special assessment, or to cancel any tax certificate or deed given under such sale, and such assessment shall be held to be void by reason of noncompliance with this act, the court shall determine the true and just amount which the property attempted to be so assessed by said special assessment should pay, to make the same uniform with other special assessments for the same purpose * * *.

The provisions of that section of the 1905 Act are now contained in N.D.C.C. § 40–26–07, the relevant part of which reads:

40–26–07. Actions to restrain collection of special assessments, avoid tax judgments—Duty of court.—The court shall determine the true and just amount which any property attempted to be specially assessed for a special improvement should pay to make the same uniform with other special assessments for the same purpose, whenever any action or proceeding shall be commenced and maintained before the court to prevent or restrain the collection of any special assessment or part thereof made or levied by the officers of any municipality for any purpose authorized by law, if such assessment shall be held to be void by reason of noncompliance with any provision of the laws of this state. * * *

North Dakota Century Code.

Realizing, then, that the court had the power of review in special assessment proceedings, what purpose did the legislature have in enacting N.D.Sess.Laws 1919, ch. 230? It reads:

1. That in all actions and proceedings involving the validity or apportionment of any special assessment for local or special improvements where the statute limits such special assessment to the special benefits accruing to the property, the courts shall review the levy and apportionment of such special assessments.

2. All Acts and parts of Acts in conflict herewith are hereby repealed.

3. Emergency.) Whereas an emergency exists in that the courts do not now review the levy and apportionment of special assessments, and whereas, it is necessary for the immediate preservation of public peace, health and safety, that immediate relief be given; therefore, this Act is hereby declared an emergency measure and shall take effect and be in force from and after its passage and approval.

It is interesting to note what this court said in Bismarck Home Builders' Co. v. City of Bismarck, a case decided in 1924 on the basis of the laws that existed in 1917:

The record made in the court below and the briefs on appeal indicate, unmistakably, the desire of the plaintiff to be relieved of the assessment on the sole ground of the inequitable assessment of benefits and cost. It has been repeatedly held by this court that the owners of property affected by a special assessment are precluded on the question of benefits by the action of the special assessment commission as reviewed by the city council or commission, and that there is no relief from their determination unless there exists some one of the usual grounds for equitable interference, such as fraud or mistake, or some defect in the proceedings rendering the special assessment invalid. Equity does not grant relief to correct the errors of judgment of the body created by the Legislature to determine the question of benefits. * * *

Bismarck Home Builders' Co. v. City of Bismarck, 50 N.D. 973, 198 N.W. 553, 553–554 (1924).

We see from *Bismarck Home Builders' Co.* that the court had repeatedly refused to review the determinations of special assessment commissions and the governing bodies unless equitable grounds had existed.

North Dakota Sess.Laws 1919, ch. 230, § 3, discloses a finding of the legislature

that the courts were not at that time reviewing the levy and apportionment of special assessments. It is obvious that the purpose of enacting § 1 was to secure such a review. In so doing, the legislature broadened the scope of the court's review.

Lest it be argued that the rule applied by the trial court as to its scope of review may have been equivalent to the one required to be applied by the trial court in reviewing a determination of an administrative agency pursuant to § 28–32–19, it is to be noted that the provisions of our Administrative Agencies Practice Act, ch. 28–32, are much different from the provisions of our special assessment statutes, chs. 40–23 and 40–26.

Section 40–26–01, supported by § 40–26–07, read in the light of our trial de novo statute, § 28–27–32, would normally require, when demand for trial de novo is properly made, that we try the case anew.

In this case the trial court in its memorandum opinion said:

Although this is a case where the special assessment commission assessed the benefits higher than the Court would assess them, the Court cannot find that the assessment was arbitrary or that the judgment of the special assessment commission amounted to palpable error so as to constitute noncompliance with the statute pertaining to determination of special assessments.

The Court therefore finds and concludes that the plaintiff has failed to prove that the actions of the special assessment commission and city council have been arbitrary or palpably erroneous so as to constitute noncompliance with the relevant statutes entitling plaintiff to equitable relief.

Because the trial court, relying on a rule which we find to have been abrogated by the 1919 enactment, did not determine the church's benefits and assessments, even though it thought they were too high, and because we believe that under those cir-

cumstances it is desirable to the proper disposition of the case on appeal that a determination of the church's benefits and assessments be made by the trial court, we could remand this case for that purpose, pursuant to the provisions of § 28–27–29.

Notwithstanding that alternative, we have decided that in the interests of accomplishing justice a new trial should be ordered in which the district court should review the proceedings and determinations of the church's special benefits and assessments in the light of the principles laid down in Northern Pac. Ry. Co. v. City of Grand Forks, 73 N.W.2d 348 (N.D.1955). This we do, pursuant to the authority granted this court in § 28–27–32. The judgment is therefore set aside and a new trial is hereby ordered.

TEIGEN, C. J., and STRUTZ, KNUDSON and PAULSON, JJ., concur.