Brett C. MUSCATELL, Petitioner
and Appellant,

v.

NORTH DAKOTA REAL ESTATE
COMMISSION, Respondent
and Appellee.

Civil No. 950332.

Supreme Court of North Dakota.

April 25, 1996.

tal estoppel and administrative res judicata bar the Commission's action against·him, and we affirm the judgment.

## I

Muscatell was a licensed real estate broker who sold real estate in North Dakota and other states. On April 15, 1993, Muscatell was convicted in a Florida federal district court of multiple felony counts, including conspiracy, bank fraud, wire fraud, and money laundering, resulting from a "land flip" scheme. Muscatell deceived financial institutions by boosting the appraisal value of apartment units, participated in the preparation and submission of falsified income documents, and offered real estate appraisers substantial sums for overvaluing properties to obtain large real estate loans from federally insured lenders. Muscatell was sentenced to a term of 36 months imprisonment and ordered to pay $680,827 in restitution. Muscatell appealed those convictions to the United States Court of Appeals for the Eleventh Circuit.

On October 26, 1993, the Commission's secretary sent Muscatell a letter stating the Commission was

"aware of the sentence handed down in Florida by U.S. District Judge Samuel P. King in which you were found guilty of fraud. Furthermore, the commission is aware that the case has been appealed and is currently in the appeal process.

"In conclusion, it should be noted that the commission does not intend to take any disciplinary action with reference to your real estate broker's license pending the outcome of your appeal. If you are exonerated of all charges then we'll have no reason to initiate any type of disciplinary proceedings. However, if you are unsuccessful in your appeal then the commission will take whatever action they deem appropriate at that time."

On November 21, 1994, while the appeal was still pending, the Commission decided "Muscatell's application for renewal of his real estate broker's license be denied at the time his application is received. He is then to be advised that he has the right to a

Erik R. Johnson, of Solberg, Stewart, Miller & Johnson, Fargo, for petitioner and appellant.

Michael F. McMahon, of Pearce & Durick, Bismarck, for respondent and appellee.

SANDSTROM, Justice.

Brett C. Muscatell appeals from a judgment affirming a decision of the North Dakota Real Estate Commission to revoke his real estate broker's license. We reject Muscatell's argument that principles of governmen-

hearing as provided by statute." In response to the Commission's decision, Muscatell's attorney wrote to the Commission's attorney on December 29, 1994, expressing his "shock[ ]" at the Commission's action, and stated it

"had previously agreed to take no action on his license pending the outcome of his appeal.

"On a related matter, you indicated that I should discuss with Mr. Muscatell whether he would voluntarily relinquish his license in the event the criminal appeal does not go in his favor.

"Mr. Muscatell has indicated that he would agree to relinquish his North Dakota license if the appeal does not go in his favor; however, he also indicated that he may ask the United States Supreme Court to review this matter in the event the Court of Appeals' decision is not favorable. Accordingly, we would ask that he not be required to relinquish his license until the appeal process is final. Of course, in the event that the Court of Appeals or the Supreme Court rules in Brett's favor, there would be no need for Mr. Muscatell to relinquish his license."

After being informed of the October 1993 letter to Muscatell, the Commission, on January 6, 1995, voted to uphold its November 1994 decision. Muscatell obtained an alternative writ of mandamus from a district court judge and, in response, the Commission issued Muscatell his 1995 license, pending a full hearing. On January 18, 1995, Muscatell's convictions were affirmed by the Eleventh Circuit Court of Appeals. *See United States v. Muscatell,* 42 F.3d 627 (11th Cir. 1995). Muscatell's petition to the Eleventh Circuit Court of Appeals for a rehearing was denied on February 27, 1995. Muscatell then petitioned the United States Supreme Court for a writ of certiorari to the Eleventh Circuit Court of Appeals.

In early March 1995, the district court judge who issued the alternative writ of mandamus dismissed it, concluding Muscatell, who had been given his license pending further action by the Commission, "is afforded his remedy at law if he chooses to appeal any determination made by the Commission in the administrative hearing process."

An administrative hearing was held on the revocation issue on April 24, 1995. As a defense, Muscatell asserted principles of governmental estoppel and administrative res judicata barred the Commission from acting to revoke his license because the Commission had promised not to do so until Muscatell had exhausted all avenues of appeal, including, in his view, an appeal to the United States Supreme Court.

On May 15, 1995, the Commission rejected Muscatell's argument, revoked his license, and fined him $1,000. *See* N.D.C.C. § 43–23–11.1(1)(f). The Commission found Muscatell's fraud and deceit of financial institutions while licensed, in conjunction with the real estate transactions, were activities "having a direct bearing upon his ability to serve the public in that capacity, and disqualify him from licensure as a real estate broker[ ] . . . ." The Commission also found neither it "nor its agents or representatives agreed to forebear initiating disciplinary proceedings against" Muscatell "until all possible avenues of appeal or review, including appeal or petition to the United States Supreme Court, had been exhausted." Muscatell appealed to the district court, which affirmed the Commission's decision. The United States Supreme Court denied Muscatell's petition for writ of certiorari on June 26, 1995. *See Muscatell v. United States,* — U.S. ——, 115 S.Ct. 2617, 132 L.Ed.2d 859 (1995).

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 27–05–06, 28–32–15, and 43–23–11.1. This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–21. The appeal was timely under N.D.R.App.P. 4(a), and N.D.C.C. § 28–32–21.

## II

Muscatell asserts governmental estoppel bars the Commission from revoking his real estate license because it had agreed to forego disciplinary proceedings until the United States Supreme Court ruled on his petition for writ of certiorari.

In an appeal from an administrative agency decision, we review the decision of the administrative agency rather than the decision of the district court. N.D.C.C. § 28–32–21. We affirm the agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Otto v. N.D. Workers Compensation Bureau,* 533 N.W.2d 703, 706 (N.D.1995). In considering whether the Commission's findings of fact are supported by a preponderance of the evidence, we exercise restraint and do not make independent findings of fact or substitute our judgment for the Commission's determination. *North Dakota Real Estate Commission v. Boschee,* 347 N.W.2d 331, 335 (N.D.1984). Our review of the Commission's findings of fact is limited to whether a reasoning mind could have reasonably decided the factual findings were proven by the weight of the evidence from the entire record. *Boschee; Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D. 1979).

We reject Muscatell's governmental estoppel argument for two reasons.

## A

Although N.D.C.C. § 43–23–08.1 provides "[c]onviction of an offense does not disqualify a person from licensure under this chapter unless the commission determines that the offense has a direct bearing upon a person's ability to serve the public as a real estate broker," Muscatell does not dispute the Commission's finding the federal crimes he was convicted of violating have a direct bearing on his ability to serve the public as a real estate broker. Muscatell also agrees the primary purpose of the licensure requirements and disciplinary procedures authorized by N.D.C.C. Chapter 43–23 is for the protection of the public. *Cf. McCarter v. Pomeroy,* 466 N.W.2d 562, 566 (N.D.1991) (purpose of insurance agent's license revocation proceeding is protection of the public).

This Court was faced with an analogous set of circumstances more than 60 years ago. In *State ex rel. Olson v. Langer,* 65 N.D. 68, 256 N.W. 377 (1934), Governor William Langer was convicted during his term of office in a federal district court of violating a federal law making it a felony to administer corruptly and to cause the corrupt administration of certain acts of Congress for the promotion of his own political interests and his own financial gain and profit. Langer had appealed his conviction to the United States Court of Appeals for the Eighth Circuit. *See Langer v. United States,* 76 F.2d 817 (8th Cir.1935). While his appeal was pending, Langer sought to retain the office of Governor, but was refused. In the petition for a writ of quo warranto, the State, on the relation of Ole Olson, the Lieutenant Governor, argued Langer's federal court conviction disqualified him from serving as Governor because the Constitution mandated only a "qualified elector" could serve in that office, and persons convicted of a felony, unless restored to civil rights, were not qualified to vote. Langer argued he was qualified for the office because his conviction of a felony did not deprive him of his rights as an elector until his conviction was finally affirmed on appeal and he was actually incarcerated.

After noting the purpose underlying the constitutional disqualification provision was protection of the public, this Court rejected Langer's argument:

"When a person is convicted of a felony, the presumption of guilt immediately attaches, and this presumption is not destroyed or abrogated by an appeal. It is against public policy and against the best interests of sound government that one convicted of a felony shall continue to exercise his right to the elective franchise and to enjoy the privileges and prerogatives of an elector. The rights of the public must be paramount to the rights of the individual.... If an appeal allowed and permitted a citizen convicted of a felony to retain the rights and privileges of an elector, including the right to hold office during the interval of his appeal, the object of the statute and the Constitution would, in most cases, be wholly defeated; because, as a matter of common knowledge, appeals take time. They sometimes occupy months or years, and hence a convicted elector would,

if an officer, in most instances serve out his complete term and might even be re-elected during the pendency of his appeal, though judgment of conviction should be ultimately affirmed. Hence the public would have no redress, and its rights would be entirely overlooked and ignored." *Langer,* 256 N.W. at 389.

■ In this case, the presumption of guilt of the federal felonies attached to Muscatell when he was convicted in the federal district court and was not abrogated by his appeal to the Eleventh Circuit Court of Appeals. Given the goal of protecting the public underlying the real estate licensure and disciplinary laws, allowing a person convicted of felony fraud in connection with real estate transactions to retain his real estate license and continue business during his appeal is contrary to public policy. Agreements will not be enforced if they have a tendency to be injurious to the public or against the public good. *See Johnson v. Peterbilt of Fargo, Inc.,* 438 N.W.2d 162, 163 (N.D.1989); N.D.C.C. § 9–08–01. The Commission had no authority to violate public policy by agreeing to refrain from disciplinary action pending resolution of Muscatell's appeal.

### B

■ The first element for Muscatell to establish a case of estoppel against the government is conduct which amounts to a false representation or concealment of a material fact. *See Brunner v. Ward Cty. Social Services Board,* 520 N.W.2d 228, 233 (N.D.1994); *Blocker Drilling Canada, Ltd. v. Conrad,* 354 N.W.2d 912, 920 (N.D.1984). The October 1993 letter contains the proviso, "the commission does not *intend* to take any disciplinary action with reference to your real estate broker's license pending the outcome of your appeal." (Emphasis added).

This Court has often said the mere statement of an intention to act in a certain way is not a promise which can be given promissory or contractual effect. *See Super Hooper, Inc. v. Dietrich & Sons, Inc.,* 347 N.W.2d 152, 155 (N.D.1984); *Bottineau Public Sch. Dist. # 1 v. Currie,* 259 N.W.2d 650, 654 (N.D.1977); *Hayashi v. Ihringer,* 79 N.D. 625, 58 N.W.2d 788, 791 (1953). The state-

ment would normally constitute an expression of intention at the time made concerning future action and could not, therefore, be given promissory or binding contractual effect. *Hayashi.* However, the Commission concedes the October 26, 1993, letter constitutes a commitment on its behalf. Therefore, we treat the letter as such for purposes of our analysis.

### C

Treating the October 1993 letter as an enforceable promise, we agree with the Commission the promise was not breached.

■ There is no language in the October 1993 letter to glean a promise by the Commission to refrain from disciplinary action until the United States Supreme Court might rule on any future petition by Muscatell for a writ of certiorari. The letter speaks of an "appeal" in the singular and is an obvious reference to the appeal then pending before the Eleventh Circuit Court of Appeals. The former attorney for the Commission testified "at that point I suspect my feeling would have been, well, let's wait and see what the circuit court does with it." Moreover, a petition for writ of certiorari for discretionary review before the United States Supreme Court is not an "appeal." *See* 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure: Jurisdiction* §§ 4003 and 4004 (1977); 28 U.S.C. § 1254. The Commission's interpretation is further bolstered by the December 29, 1994, letter from Muscatell's attorney which requests the Commission to refrain from disciplinary action until proceedings in the Supreme Court have been exhausted. No such request would have been necessary if the October 1993 letter already contained that promise. We conclude the Commission's finding it did not agree to forbear disciplinary proceedings against Muscatell until the United States Supreme Court acted on his petition for certiorari is supported by a preponderance of the evidence.

The Eleventh Circuit Court of Appeals affirmed Muscatell's conviction on January 18, 1995, and denied his petition for rehearing on February 27, 1995. No disciplinary

action was taken until April 1995. The Commission clearly was within its rights to take disciplinary action at that time.

We conclude the Commission was not barred by governmental estoppel from revoking Muscatell's real estate broker's license.

## III

We also reject Muscatell's assertion administrative res judicata bars the Commission from revoking his license. Muscatell contends the October 1993 letter constituted action by the Commission to refrain from disciplining him until after the United States Supreme Court ruled, which action is res judicata precluding subsequent contrary action by the Commission. This argument fails for the same reasons given in Part II.

Moreover, administrative res judicata applies only to final agency orders. *See Fischer v. Workers Comp. Bureau*, 530 N.W.2d 344, 347 (N.D.1995). The doctrine contemplates agency action taken in a judicial capacity that resolves disputed issues which the parties have had an adequate opportunity to litigate. *See United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); II K. Davis and R. Pierce, *Administrative Law Treatise* § 13.3 (3d ed.1994). *See also Lamplighter Lounge, Inc. v. State ex rel. Heitkamp*, 510 N.W.2d 585, 591 (N.D. 1994) (res judicata effect of agency decision extends to matters adjudicable at time of decision); *United Hosp. v. D'Annunzio*, 466 N.W.2d 595, 596–597 (N.D.1991) (county commission's refusal to pay claim is not impartial adjudication taken in judicial capacity of county's legal obligation that should be given any preclusive effect). The October 1993 letter from the Commission's secretary stating the Commission's present intention regarding future disciplinary action was not a quasi-judicial final adjudication of any litigated dispute and is not entitled to res judicata effect.

We conclude the Commission was not barred by administrative res judicata from revoking Muscatell's real estate broker's license.

## IV

The Commission's findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by its findings of fact, its decision is supported by its conclusions of law, and its decision is in accordance with the law.

The judgment is affirmed.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., LEVINE, Surrogate Judge, concur.

The Honorable MARY MUEHLEN MARING was not a member of the Court when this case was heard and did not participate in this decision.