2014 ND 53

Fred M. HECTOR, Individually and on behalf of all Landowners specifically assessed for Special Assessment Project 5314, Plaintiff and Appellant

v.

CITY OF FARGO, a municipal corporation, Defendant and Appellee.

No. 20130223.

Supreme Court of North Dakota.

March 20, 2014.

Rehearing Denied May 7, 2014.

See also 815 N.W.2d 240.

Jonathan T. Garaas (argued), Fargo, N.D., for plaintiff and appellant.

Jane L. Dynes (argued) and Ronald H. McLean (on brief), Fargo, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1]　Fred Hector appeals from a summary judgment dismissing his action against the City of Fargo for claims involving special assessments against his land. He argues the district court erred in granting Fargo summary judgment, because N.D.C.C. § 40–26–07 authorizes his action to judicially establish Fargo's special assessments are void to the extent the assessments exceed Fargo's actual costs of improvements and his claims are not barred by administrative res judicata. Res judicata precludes relitigation of claims that were raised, or could have been raised, in prior actions between the same parties and means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised or those that could have been raised in the prior action. We conclude N.D.C.C. §§ 40–26–01 and 40–26–07 authorize a court to review issues about a municipality's special assessments in the context of the adequate legal remedy of an appeal and the issues raised by Hector in this

action are res judicata. We affirm the judgment.

I

[¶ 2] In *Hector v. City of Fargo*, 2012 ND 80, ¶¶ 1, 58, 815 N.W.2d 240, we affirmed Hector's appeal from a district court judgment affirming his appeal from the Fargo City Commissioners' decision approving special assessments against his land for Improvement District 5314 along Interstate 29 and 52nd Avenue in south Fargo. In that appeal, Hector raised sixteen issues and subissues, which we consolidated into four related subjects involving his claims that:

> the total amount assessed for an improvement project was improperly calculated and should have been based on the City's true costs for the project, the method used to determine the amount assessed against his property was improper, the [Special] Assessment Commission failed to comply with certain statutory requirements and the [Fargo] City Commission failed to properly review the [Special] Assessment Commission's decision.

*Hector*, at ¶ 1. We concluded Hector failed to establish Fargo's special assessments exceeded its true costs for the improvement project or Fargo converted federal funds for other uses, Fargo complied with the applicable statutory provisions for special assessments and the assessments did not improperly exceed the amount estimated in a resolution of necessity and an engineer's report, Fargo did not improperly include certain costs in the total costs for the project, and Fargo's special assessments against Hector's land were not arbitrary, capricious, or unreasonable. *Id.* at ¶¶ 14, 24, 26, 28, 35, 37, 46, 49, 51, 54, 57, 58.

[¶ 3] On November 9, 2009, when Hector appealed the Fargo City Commissioners' decision to the district court, he also brought this separate action against Fargo, alleging claims for statutory and equitable reassessment of the project benefits under N.D.C.C. § 40–26–07, fraud and deceit, violation of fiduciary duties, and denial of federal civil rights. Hector's separate action was continued pending resolution of his appeal, and after our decision in the appeal, the district court granted Fargo's motion for summary judgment, concluding his claims were previously decided (res judicata).

[¶ 4] A district court has original jurisdiction of causes, except as otherwise provided by law, and appellate jurisdiction as provided by law under N.D. Const. art. VI, § 8, and the issues in this appeal involve the scope of a district court's jurisdiction over special assessments under N.D.C.C. § 40–26–07. Hector's appeal from the judgment dismissing his action is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] Hector argues special assessments exceeding the costs of improvements are invalid to the extent of the excess under *Hector*, 2012 ND 80, ¶ 37, 815 N.W.2d 240, and he claims he initiated this action under N.D.C.C. § 40–26–07 to establish Fargo's assessments are void because they exceed Fargo's "real" or "actual" construction costs for Improvement District 5314. He argues: (1) his action is not barred by res judicata or collateral estoppel because Fargo's real or actual construction costs for the improvement district, as certified by the City Auditor in October 2009, could not be challenged in the prior appeal; (2) he can challenge the special assessments in this action under N.D.C.C. § 40–26–07 for fraud, breach of a fiduciary duty, or other grounds justifying

equitable relief; (3) he has a claim against Fargo for proper application of federal highway funds under federal statutory and constitutional provisions; and (4) he raised material issues of fact to be resolved by a jury.

[¶ 6] The district court decided Hector's action by summary judgment, which " 'is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.' " *Schmitt v. MeritCare Health Sys.*, 2013 ND 136, ¶ 7, 834 N.W.2d 627 (quoting *Wenco v. EOG Res., Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701).

[¶ 7] The district court ruled Hector's claims in this action were previously decided and thus barred by the doctrine of res judicata. In *Ungar v. North Dakota State Univ.*, 2006 ND 185, ¶¶ 10–11, 721 N.W.2d 16 (citations omitted), we discussed principles of res judicata and collateral estoppel:

> The doctrines of res judicata and collateral estoppel bar courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources. The applicability of res judicata or collateral estoppel is a question of law, fully reviewable on appeal.
>
> "Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same." Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to their parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory. Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action.

### A

[¶ 8] The issues raised by Hector in this action and the effect of his prior appeal require us to consider the procedures for challenging special assessments, including the scope of a district court's authority under N.D.C.C. § 40–26–07. Our analysis of those issues requires a brief description of the statutory procedures for imposing special assessments, including statutes for judicial challenges.

[¶ 9] This Court has said the statutory scheme for special assessments for improvement districts creates two separate processes, with N.D.C.C. ch. 40–22 governing the creation of an improvement district and bidding projects and N.D.C.C. ch. 40–23 governing the individualized assessment of property for specific projects within the district. *Serenko v. City of Wilton*, 1999 ND 88, ¶ 13, 593 N.W.2d 368. In *Serenko*, at ¶ 6, this Court considered several landowners' action alleging that Wilton failed to comply with notice requirements for creating an improvement district under N.D.C.C. § 40–22–15 and that Wilton acted arbitrarily in assessing their property under N.D.C.C. ch. 40–23. This Court summarized the statutory scheme for special assessments:

> Upon determining street improvements are necessary in a particular area, the

City creates an improvement district setting the boundaries of the project. N.D.C.C. §§ 40–22–08 and 40–22–09. The City then passes a resolution of necessity, which must be published in accordance with N.D.C.C. § 40–22–15. The project may not proceed if the owners of a majority of the property in the improvement district file written protests within thirty days. N.D.C.C. §§ 40–22–17 and 40–22–18. If less than a majority of landowners file protests, the City may secure bids on the project and let the contract. *See* N.D.C.C. §§ 40–22–18 to 40–22–36. The City's special assessment commission then sets the assessments on individual properties within the improvement district, and publishes the assessment list and notice of hearing of objections. *See* N.D.C.C. §§ 40–23–07 to 40–23–10. Aggrieved parties are afforded a hearing before the special assessment commission to challenge their assessments, and may appeal to the City's governing body. *See* N.D.C.C. §§ 40–23–11, 40–23–16.

*Serenko*, at ¶ 12. We considered the landowners' challenge in the context of N.D.C.C. § 40–22–43, which authorizes an action to challenge defects and irregularities in proceedings governing the creation of an improvement district under N.D.C.C. ch. 40–22, and provides:

Defects and irregularities in any proceedings had or to be had under this chapter relating to municipal improvements by the special assessment method, when the proceedings are for a lawful purpose and are unaffected by fraud and do not violate any constitutional limitation or restriction, shall not invalidate such proceedings, and no action shall be commenced or maintained and no defense or counterclaim in any action shall be recognized in the courts of this state founded on any such defects or irregularities in such proceedings, unless commenced within thirty days of the adoption of the resolution of the governing board awarding the sale of warrants to finance the improvement.

We concluded, "[b]ecause the landowners did not commence their action within the thirty-day time limit under N.D.C.C. § 40–22–43, their action based upon irregularities or defects under N.D.C.C. ch. 40–22 is barred." *Serenko*, at ¶ 18. Under the language of N.D.C.C. § 40–22–43 and *Serenko*, an "action" in the courts of this state challenging defects and irregularities in any "proceedings" for the creation of an improvement district under N.D.C.C. ch. 40–22, "when the proceedings are for a lawful purpose and are unaffected by fraud and do not violate any constitutional limitation," must be brought within thirty days of the adoption of a municipality's resolution awarding the sale of warrants to finance the improvement.

[¶ 10] The statutory framework in N.D.C.C. ch. 40–23 for individualized assessments of property for an improvement district authorizes an aggrieved person to appeal a special assessment commission's assessment to the municipality's governing body. N.D.C.C. §§ 40–23–14 and 40–23–15. The municipality's governing body shall hear and determine any appeals and objections and may increase or diminish any assessments as the governing body may deem just. N.D.C.C. §§ 40–23–15 and 40–23–16.

[¶ 11] Chapter 40–26, N.D.C.C., generally pertains to correction, reassessments, and fund deficiencies for special assessments and contemplates court involvement in certain circumstances. *See* N.D.C.C. §§ 40–26–01; 40–26–03; 40–26–04; 40–26–05; 40–26–06 and 40–26–07. Those statutes include language authorizing reassessments by a municipality's governing body if an assessment is refused, denied,

set aside, or declared void by any court. *See* N.D.C.C. §§ 40–26–03, 40–26–04, 40–26–05. Another statute includes language stating no error or omission in proceedings by a municipality's governing body or by an officer of a municipality shall vitiate or affect an assessment, but a court may alter assessments as may be just if an error or omission causes a substantial injury to an aggrieved party. N.D.C.C. § 40–26–06.

[¶ 12] When Hector brought this action in 2009,[1] N.D.C.C. § 40–26–01, provided:

The courts shall review the levy and apportionment of the special assessments in all actions and proceedings involving the validity or apportionment of any special assessment for local or special improvements. An appeal taken under this section must be in accordance with the procedure provided in section 28–34–01.

Additionally, N.D.C.C. § 40–26–07 provided:

The court shall determine the true and just amount which any property attempted to be specially assessed for a special improvement should pay to make the same uniform with other special assessments for the same purpose, whenever any action or proceeding shall be commenced and maintained before the court to prevent or restrain the collection of any special assessment or part thereof made or levied by the officers of any municipality for any purpose authorized by law, if such assessment shall be held to be void by reason of noncompliance with any provision of the laws of this state. The amount of the assessment as the same appears on the assessment list shall be prima facie evidence of the true and just amount, and judgment must be rendered and given therefor

against the party liable for such special assessment without regard to the proceedings had for the levy thereof. The judgment shall be a lien upon the property upon which a special assessment shall have been levied, of the same force and effect as the lien of a special assessment, and the lien of such special judgment shall be enforced by the court in such action. No action for said purposes shall be maintained unless it is commenced within six months after the special assessment is approved.

[¶ 13] Hector's primary argument in this case involves the scope of a district court's authority under the language of N.D.C.C. § 40–26–07. Statutory interpretation is a question of law, fully reviewable on appeal. *Hector*, 2012 ND 80, ¶ 30, 815 N.W.2d 240. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. Statutes are construed in harmony with the state and federal constitutions to avoid constitutional infirmities. *See* N.D.C.C. § 1–02–38(1). If the language of a statute is clear and unambiguous, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to resolve the ambiguity, including the legislative history and the consequences of a particular construction. N.D.C.C. § 1–02–39(3) and (5). A statute is ambiguous if it is susceptible to different, rational meanings. *Hector*, at ¶ 30.

---

1. Sections 40–26–01 and 40–26–07, N.D.C.C., were amended in 2011 to add language for a district court to consider anew the determination of benefits and special assessments imposed for agricultural property. *See* 2011 N.D. Sess. Laws ch. 297.

[¶ 14] The language in N.D.C.C. § 40–26–07 says a "court shall determine the true and just amount" for special assessments "whenever any action or proceeding shall be commenced and maintained before the court to prevent or restrain the collection of any special assessment . . ., if such assessment shall be held to be void by reason of noncompliance with any provision of the laws of this state." That statute goes on to say "[n]o action for said purposes shall be maintained unless it is commenced within six months after the special assessment is approved." *Id.* The language in N.D.C.C. § 40–26–01 says a court shall review the levy and apportionment of special assessments in "all actions and proceedings involving the validity or apportionment of any special assessment," and an "appeal" under that section must follow the procedure in N.D.C.C. § 28–34–01, which says an "appeal must be filed . . . within thirty days after the decision of the local governing body." N.D.C.C. § 28–34–01(1). Additionally, the language in N.D.C.C. § 40–22–43 authorizes an "action" to challenge defects and irregularities in proceedings for the creation of an improvement district within thirty days of the adoption of a resolution awarding the sale of warrants to finance improvements. Moreover, some provisions contemplate reassessments by a municipality's governing body if an assessment is refused, denied, set aside, or declared void by a court. *See* N.D.C.C. §§ 40–26–03, 40–26–04, and 40–26–05.

[¶ 15] Under our law, an "action" means "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." N.D.C.C. § 32–01–02. *See Ungar,* 2006 ND 185, ¶ 16, 721 N.W.2d 16 (discussing difference between appeal and action); *Rudnick v. City of James-*town, 463 N.W.2d 632, 636–38 (N.D.1990) (same). This Court has recognized a "proceeding" is broader than an "action." *See Bragg v. Burlington Res. Oil & Gas,* 2009 ND 33, ¶ 10, 763 N.W.2d 481 (discussing definition of "all proceedings" in context of pending litigation statute and concluding "all proceedings" includes the course of procedure or sequence of steps in a legal action). The legislature has used different terms for challenges to special assessments, and the use of the different terms and the different time frames for court involvement under those statutes as well as the potential scope of a court's authority does not clearly identify the procedure or scope of judicial involvement in special assessments. We therefore consider extrinsic evidence, including the development of judicial involvement in special assessments under our case law and legislative history, to resolve the uncertainty.

[¶ 16] Hector cites *Foss Methodist Church v. City of Wahpeton,* 157 N.W.2d 347 (N.D.1968), to argue N.D.C.C. § 40–26–07 authorizes his separate action to challenge Fargo's actual or real construction costs underlying the special assessments. In *Foss Methodist Church,* 157 N.W.2d at 347, this Court considered an action challenging special assessments in the context of the statutory language in N.D.C.C. § 40–26–07 and the language in N.D.C.C. § 40–26–01 before a 1989 amendment enacted the sentence stating "[a]n appeal taken under this section must be in accordance with the procedure provided in section 28–34–01." *See* 1989 N.D. Sess. Laws ch. 83, § 15. In *Foss Methodist Church,* a property owner sued a municipality to set aside special assessments levied against the owner's property, or to have the assessments reduced to the amount of the owner's benefit as determined by the court. 157 N.W.2d at 347. The property owner sought to enjoin the

municipality from levying and collecting the assessments. *Id.* This Court said that under the language of N.D.C.C. § 40–26–07, which was initially enacted in 1905 N.D. Sess. Laws ch. 62, § 155, courts had repeatedly refused to review the determinations of special assessment commissions and governing bodies unless equitable grounds existed. *Foss Methodist Church,* at 350–51. This Court said the purpose of the subsequent enactment of the language in N.D.C.C. § 40–26–01 in 1919 N.D. Sess. Laws ch. 230 was to broaden the scope of a court's review of the levy and apportionment of special assessments. *Foss Methodist Church,* at 350–51. This Court explained the language in N.D.C.C. §§ 40–26–01 and 40–26–07, read in light of the procedure for trial anew, required the district court to determine the property owner's benefits and assessments. *Foss Methodist Church,* at 351–52. This Court concluded that because the district court did not determine the property owner's benefits and assessments even though that court said the levied benefits and assessments were too high, a new trial was necessary for the court to review those issues under appropriate criteria. *Id.*

[¶ 17] Later, in *Soo Line R.R. Co. v. City of Wilton,* 172 N.W.2d 74, 78 (N.D. 1969), this Court considered a district court's authority to review special assessments anew in conjunction with an argument that such review would violate the doctrine of separation of powers. This Court distinguished *Foss Methodist Church* and explained an issue about separation of powers was not raised in that case. *Soo Line,* at 78. This Court said the separation of powers provided the framework for review of special assessments and described that review:

> this court is bound by the rule that when there is substantial evidence to support the decision of the special assessment commission, which is shown not to be invalid as a result of fraud or mistake, or by some defect in the proceeding which would render the special assessment invalid, the decision of the special assessment commission as confirmed by the city governing body must be affirmed.

*Id.* at 79. This Court concluded there was substantial evidence to support the Wilton Special Assessment Commission's decision, as approved by the Wilton City Commission, regarding benefits received by the property owner and the special assessments apportioned to the owner's property. *Id.* at 83–84. This Court also concluded the property owner failed to establish any ground for equitable relief from the special assessments and sustained the assessments. *Id.* at 84.

[¶ 18] The deferential standard of judicial review described in *Soo Line,* 172 N.W.2d at 79, has been followed in this Court's decisions involving challenges to special assessments. *See Serenko,* 1999 ND 88, ¶ 20, 593 N.W.2d 368; *Farmers Union Cent. Exch., Inc. v. Grand Forks Cnty.,* 443 N.W.2d 907, 909–10 (N.D.1989); *Haman v. City of Surrey,* 418 N.W.2d 605, 607–09 (N.D.1988); *Cloverdale Foods Co. v. City of Mandan,* 364 N.W.2d 56, 59–60 (N.D.1985); *Buehler v. City of Mandan,* 239 N.W.2d 522, 526–27 (N.D.1976); *Chernick v. City of Grand Forks,* 210 N.W.2d 73, 81–82 (N.D.1973); *United Pub. Sch. Dist. v. City of Burlington,* 196 N.W.2d 65, 67–69 (N.D.1972).

[¶ 19] In *Shaw v. Burleigh Cnty.,* 286 N.W.2d 792, 796–97 (N.D.1979), this Court construed a statute authorizing a district court to exercise review of an appeal from a Board of County Commissioners' decision denying an application for an extension of a special use permit. This Court explained "it is a fundamental principle that the Legislature cannot invade the province of the judiciary, nor may it im-

pose upon the judiciary non-judicial duties." *Id.* at 795. This Court cited *Soo Line*, 172 N.W.2d 74, with approval in discussing the doctrines of separation of powers and delegation of non-judicial duties to the judiciary and construed the statute authorizing a de novo review of the appeal to mean a determination whether the Board acted arbitrarily, capriciously, or unreasonably. *Shaw*, at 795–97. This Court explained the statute for review provided the procedural vehicle for bringing proceedings before a court to determine whether the Board acted properly in exercising its legislative function. *Id.* at 797. This Court also invited the legislature to examine statutes providing for de novo review of decisions by local governing bodies. *Id.* at n. 1.

[¶ 20] In 1989, the legislature enacted N.D.C.C. § 28–34–01, which explicitly "governs [procedures for] any appeal provided by statute from the decision of a local governing body." 1989 N.D. Sess. Laws ch. 83, § 1. In conjunction with that amendment, the legislature also amended N.D.C.C. § 40–26–01 to include the sentence stating "[a]n appeal taken under this section must be in accordance with the procedure provided in section 28–34–01." *See* 1989 N.D. Sess. Laws ch. 83, § 15. The 1989 legislation resulted from a study by the legislature's Interim Judiciary Committee after an initial study by this Court's Court Services Administration Committee regarding review of decisions by local governing bodies in response to *Shaw*, 286 N.W.2d 792. *See* 1989 Report of the North Dakota Legislative Council 51st Legislative Assembly, pp. 140–42. The interim report stated the interim judiciary committee "reviewed the many statutes authorizing appeals of decisions from local governing bodies" and "recommend[ed the legislation] to establish uniform procedures for appeals from the decision of local governing bodies." *Id.* at 141.

[¶ 21] After enactment of the 1989 legislation, this Court has reviewed district court decisions reviewing special assessments in the context of appeals and actions. *See Hector*, 2012 ND 80, ¶ 12, 815 N.W.2d 240 (appeal); *Hector v. City of Fargo*, 2010 ND 168, ¶ 3, 788 N.W.2d 354 (appeal); *Bateman v. City of Grand Forks*, 2008 ND 72, ¶¶ 8–9, 747 N.W.2d 117 (appeal); *Serenko*, 1999 ND 88, ¶ 6, 593 N.W.2d 368 (action). This Court, however, has not specifically considered the propriety of both an appeal and an action challenging special assessments or costs for the same improvement project. *See Anderson v. Richland Cnty. Water Res. Bd.*, 506 N.W.2d 362, 364–65 (N.D.1993) (noting landowners' appeal from Water Resource Board's administrative order and separate action for declaratory relief, stating action for declaratory relief was inappropriate because N.D.C.C. § 28–34–01 governs any appeal from decision of local governing body, and reviewing appeal).

[¶ 22] In *Shark Bros., Inc. v. Cass Cnty.*, 256 N.W.2d 701, 703–06 (N.D.1977), this Court discussed the doctrine of exhaustion of administrative remedies in the context of a district court decision dismissing a declaratory judgment action to enjoin county officials from assessing property after the plaintiff had previously foregone an administrative appeal of an assessment decision involving the same property use in a different tax year. This Court discussed restraining or enjoining an administrative agency in the context of bifurcated procedures:

Where the law provides an appeal from an order or determination of a board or commission whereby the correctness and validity of the order or decision may be reviewed the remedy so provided, if adequate, must be pursued and a party having the right of appeal may not dis-

regard such remedy and obtain injunctive relief against the enforcement of the order or decision.

*Id.* at 704 (quoting *Chester v. Einarson*, 76 N.D. 205, 219, 34 N.W.2d 418, 427–28 (1948)). In *Shark Bros.*, the party bringing the separate action had foregone an administrative appeal of the assessment issue, and this Court affirmed a judgment dismissing the action, explaining:

We do not favor or encourage, nor can we sustain, bifurcated self-induced or self-initiated procedures, one in the administrative process and one in the judicial process covering the same legal questions.

If such bifurcated procedures were encouraged or sustained, it would create duplication, and uncertainty, and waste manpower and money, with no appreciable result, and all without improving the administration of justice. If one side of a proceeding were permitted to proceed both in the administrative channels and the judicial channels at the same time the other side could also resort to the same procedure. The result would be endless confusion, which we can ill afford.

256 N.W.2d at 705–06.

[¶ 23] This Court's decision in *Shark Bros. Inc.*, 256 N.W.2d at 705–06, is premised on the principle of equity that a statutory appeal provides an adequate legal remedy for reviewing a local governing body's decision, and in those cases where an appeal is authorized by law, an action for equitable relief generally is not available. *See Amerada Hess Corp. v. Furlong Oil & Minerals Co.*, 348 N.W.2d 913, 916–17 (N.D.1984); *Olson v. Cass Cnty.*, 253 N.W.2d 179, 182 (N.D.1977); *Chester*, 76 N.D. at 219, 34 N.W.2d at 427–28.

[¶ 24] The language of N.D.C.C. § 40–26–07 says the "court shall determine the true and just amount" for special assessments "whenever any action or proceeding shall be commenced and maintained before the court to prevent or restrain the collection of any special assessment . . . , if such assessment shall be held to be void by reason of noncompliance with any provision of the laws of this state." Under the foregoing principles for separation of powers, exhaustion of remedies, adequacy of legal remedies, and res judicata, we construe N.D.C.C. § 40–26–07, in conjunction with N.D.C.C. § 40–26–01 and the other provisions of N.D.C.C. ch. 40–26 for judicial involvement, to mean proceedings in which an assessment is held void for noncompliance with the special assessment statutes in the context of an appeal from an assessment decision. Although the statutory language and time frames for bringing actions may not totally foreclose a separate statutory action involving special assessments under appropriate circumstances when an appeal may not be an adequate legal remedy, an appeal generally provides an adequate remedy for challenging special assessments, and a separate action for equitable relief will not lie for issues that were raised or could have been raised in the appeal. *See Amerada Hess*, 348 N.W.2d at 916–17; *Shark Bros.*, 256 N.W.2d at 705–06; *Olson*, 253 N.W.2d at 182. Moreover, if there is noncompliance with the statutory procedure for assessments, a court's authority to "determine the true and just amount" of an assessment under N.D.C.C. § 40–26–07 is limited by the separation of powers and the delegation of non-judicial duties to the judiciary. *See Shaw*, 286 N.W.2d at 796–97; *Soo Line*, 172 N.W.2d at 78–79. Under those statutes and principles for exhaustion of adequate legal remedies and res judicata (the matter having been previously decided), we conclude Hector is precluded in this action from relitigating issues about the assessments and the costs

of the improvement district that were raised or could have been raised in the judgment affirming his prior appeal.

## B

[¶ 25] Hector claims administrative res judicata does not preclude his action, because Fargo's real or actual construction costs, as certified by the City Auditor in 2009, could not be contested in his prior appeal and the assessments against his property were decided in a legislative proceeding, not in an adjudicative administrative proceeding.

[¶ 26] Administrative res judicata is the judicial doctrine of precluding redetermination of a matter previously decided applied to an administrative proceeding. *Cridland v. North Dakota Workers Comp. Bureau*, 1997 ND 223, ¶ 18, 571 N.W.2d 351. The doctrine contemplates agency action taken in an adjudicative or trial-type proceeding which resolves disputed issues the parties have had an adequate opportunity to litigate. *Cridland*, at ¶ 19; *Muscatell v. North Dakota Real Estate Comm'n*, 546 N.W.2d 374, 379 (N.D. 1996). The doctrine generally precludes a subsequent administrative proceeding involving issues raised in a prior administrative proceeding after an adjudicative or trial-type proceeding. *See Cridland*, at ¶¶ 22, 30, *Muscatell*, at 379.

[¶ 27] In *Hector*, 2012 ND 80, ¶ 13, 815 N.W.2d 240 (quoting *Hector v. City of Fargo*, 2010 ND 168, ¶ 5, 788 N.W.2d 354), in the context of outlining a court's limited review of a local governing body's decision on special assessments, we said a special assessment commission "is in essence a legislative tribunal." Hector correctly recognizes the special assessment commission and the Fargo City Commissioners were acting as a legislative tribunal when they approved the special assessments for this improvement district. This Court has rec-

ognized the minimal due process afforded participants before an administrative board is not synonymous with the minimal requirements of due process in a court of law, and Hector was not entitled to an adjudicative or trial-type proceeding before the special assessment commission and the Fargo City Commissioners. *See First Am. Bank & Trust Co. v. Ellwein*, 221 N.W.2d 509, 517 (N.D.1974).

[¶ 28] Here, Hector's current claims are not raised in a subsequent administrative proceeding. Rather, he brought this separate judicial action when he appealed the Fargo City Commissioners' decision approving the special assessments in the administrative proceeding and that appeal resulted in a final judgment affirmed by this Court. Administrative res judicata is not applicable to Hector's subsequent legal action; rather, the issue is whether his separate action involves issues that were raised or could have been raised in the proceeding culminating in the prior judgment affirming the assessments. *See Ungar*, 2006 ND 185, ¶ 11, 721 N.W.2d 16 ("res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to their parties and their privies in all other actions"). To the extent Hector argues the issues in this case are not res judicata because Fargo's "real" or "actual" construction costs for the improvement district could not be contested in the prior appeal, his claims are variations of the assessment issues in his prior appeal, and his current argument ignores that issues involving costs were raised in the judgment affirming his prior appeal. *See Hector*, 2012 ND 80, ¶¶ 14–26, 815 N.W.2d 240 (holding city did not improperly include costs for interest, engineering fees, and attorney fees in costs of project). Contrary to Hector's claims,

nothing in the proceedings leading to his prior appeal precluded him from raising issues about Fargo's costs for the improvement district, and he has cited no persuasive authority to support his claim that Fargo's costs were not, or could not have been, raised in the prior appeal. *See Chester*, 76 N.D. at 219–20, 34 N.W.2d at 428 (stating, in context of assessment for drain, statute authorizing appeal did not limit review on appeal). We held above that Hector's prior appeal provided an adequate legal remedy for contesting Fargo's costs in the context of the assessments, and we conclude res judicata precludes him from relitigating issues involving Fargo's claimed real or actual costs in this action.

[¶ 29] Some of this Court's decisions recognize fraud may vitiate assessment proceedings. *See Buehler*, 239 N.W.2d at 527; *Reed v. City of Langdon*, 78 N.D. 991, 999, 54 N.W.2d 148, 153 (1952); *Hale v. City of Minot*, 52 N.D. 39, 45, 201 N.W. 848, 849 (1924). The language of N.D.C.C. § 40–26–07, however, speaks in terms of an action or proceeding to prevent or restrain collection of an assessment if the "assessment shall be held to be void by reason of noncompliance with any provision of the laws of this state," and says a court shall determine the true and just amount which any property should pay. As we explained in Hector's prior appeal, there has been no showing Fargo failed to comply with the relevant statutory procedures for imposing assessments. *Hector*, 2012 ND 80, ¶¶ 52–54, 815 N.W.2d 240. Hector's claims about fraud involve alleged misstatements of costs during the assessment process, and he has not specifically alleged any other claims of fraud. He raised claims involving costs and diversion of federal highway funds in his prior appeal. *Id.* at ¶¶ 14–38. He had an adequate legal remedy in his prior appeal to raise issues about costs, and he did raise

issues involving costs. His subsequent claims characterizing Fargo's statement of costs as fraud are res judicata, and we conclude he is precluded from raising those issues in this action.

## III

[¶ 30] Hector also claims he has a cause of action under 42 U.S.C. § 1983 for the proper application of federal highway funds and for the deprivation of his Fourteenth Amendment rights. He argues he is an intended beneficiary of the federal highway program and he has a private action under 42 U.S.C. § 1983 for the appropriate credit of federal funds to the costs of the project. He claims Fargo assessed his land for construction costs paid with federal highway dollars, which deprived him of rights and privileges secured by federal highway laws. He asserts Fargo acted arbitrarily, capriciously, and in violation of law when it assessed him for work paid through federal funds. He claims there is a further question of fact about whether he was denied equal protection by Fargo's alleged failure to follow its own infrastructure funding policies for determining the assessments against his land.

## A

[¶ 31] Hector has not cited any specific federal statutes or regulations violated by Fargo. In *Hector*, 2012 ND 80, ¶¶ 27–28, 815 N.W.2d 240, we recognized the North Dakota Department of Transportation acted as the "banker" for parts of the improvement project and Fargo reimbursed the Department for Fargo's share of the cost for the projects. We held Hector failed to establish Fargo converted federal funds. *Id.* To the extent Hector raises a variation of that issue about the diversion of federal funds in this proceeding in the context of his claim that Fargo's assess-

ments for the project exceeded its real or actual construction costs, we conclude he is precluded from raising that issue under this Court's decision in *Hector*. We therefore conclude the district court did not err in granting Fargo summary judgment on that claim.

**B**

[¶ 32] Hector also argues Fargo violated his procedural and substantive due process rights under the Fourteenth Amendment. In *Hector*, 2012 ND 80, ¶¶ 52–54, 815 N.W.2d 240, we held Fargo complied with the relevant statutory procedures for assessments. Hector has not provided any evidence to show Fargo's assessment procedures failed to comply with procedural due process during the assessment process. *See Rudnick*, 463 N.W.2d at 638–40 (holding City complied with procedural due process in demoting police officer).

[¶ 33] Moreover, in *Hector*, 2012 ND 80, ¶ 58, 815 N.W.2d 240, we held Fargo's assessment decision was not arbitrary, capricious, or unreasonable, which is the standard for assessing a substantive due process claim. *See Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006); *Rudnick*, 463 N.W.2d at 640–41. We conclude the district court did not err in granting Fargo summary judgment on Hector's claims for denial of procedural or substantive due process.

**C**

[¶ 34] Hector argues he was denied equal protection by Fargo's failure to follow its infrastructive funding policy. "The equal protection clauses of the state and federal constitutions do not prohibit legislative classifications or require identical treatment of different groups of people." *State v. Leppert*, 2003 ND 15, ¶ 7, 656 N.W.2d 718. Rather, the equal protection clause prohibits the government

from treating individuals differently who are alike in all relevant aspects. *Hamich, Inc. v. State ex rel. Clayburgh*, 1997 ND 110, ¶ 31, 564 N.W.2d 640. Legislative classifications are subject to different levels of judicial scrutiny, and the level applied depends on the right infringed by the challenged classification. *Leppert*, at ¶ 7. We have applied three levels of judicial scrutiny for equal protection claims:

> We apply strict scrutiny to an inherently suspect classification or infringement of a fundamental right and strike down the challenged statutory classification "unless it is shown that the statute promotes a compelling governmental interest and that the distinctions drawn by the law are necessary to further its purpose." When an "important substantive right" is involved, we apply an intermediate standard of review which requires a " 'close correspondence between statutory classification and legislative goals.' " When no suspect class, fundamental right, or important substantive right is involved, we apply a rational basis standard and sustain the legislative classification unless it is patently arbitrary and bears no rational relationship to a legitimate governmental purpose.

*Gange v. Clerk of Burleigh Cnty. Dist. Court*, 429 N.W.2d 429, 433 (N.D.1988) (citations omitted).

[¶ 35] Hector has not claimed he is a part of a classification requiring strict scrutiny or a close correspondence for purposes of equal protection analysis. Rather, he claims he was denied equal protection because he was singled out and assessed in an amount greater than Fargo's costs. We have rejected Hector's arguments about Fargo's assessments exceeding its costs, and he has not provided any argument to suggest the assessments against his land do not satisfy review un-

der the rational basis standard. We reject Hector's equal protection claim.

## IV

[¶ 36] Hector claims there are questions of fact requiring resolution by a jury. This Court has recognized summary judgment may not be entirely compatible with court proceedings involving review of decisions by local governing bodies. *See Anderson*, 506 N.W.2d at 367; *Pulkrabek v. Morton Cnty.*, 389 N.W.2d 609, 613 (N.D.1986). Hector's claims in this action involve issues that were raised or could have been raised in his prior appeal, and he is precluded from raising those claims in this action.

## V

[¶ 37] We have considered the remaining arguments raised by Hector and we conclude they are without merit or do not affect the outcome of our decision. We affirm the judgment dismissing Hector's action.

[¶ 38] GERALD W. VANDE WALLE, C.J., WILLIAM W. McLEES, D.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

[¶ 39] The Honorable WILLIAM W. McLEES, D.J., sitting in place of MARING, J., disqualified.

[¶ 40] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision.